Rafael Hernández Barreras y Ludovigia Castrodad Méndez, etc., demandantes y recurridos, v. San Lorenzo Construction Corporation, demandados y peticionarios; Concreto Mixto, Inc. y otros, codemandados y peticionarios, v. José Forastieri Lizardi, tercer demandado.

*Números:* CC-97-331 CC-97-333

*Resueltos:* 20 de febrero de 2001

*Marcos Valls Sánchez*, abogado de la parte peticionaria; *Fernando L. Rodríguez Mercado*, abogado de la parte recurrida.

El Juez Asociado Señor Rivera Pérez emitió la opinión del Tribunal.

Comparecen ante nos, mediante sendos recursos de *certiorari*, San Lorenzo Construction Corporation y Concreto Mixto, Inc., para solicitar su expedición y la revocación de la sentencia dictada por el Tribunal de Circuito de Apelaciones que revocó, a su vez, la sentencia emitida por el Tribunal de Primera Instancia, Unidad Especial de Jueces de Apelaciones. El Tribunal de Primera Instancia declaró sin lugar las demandas presentadas por el señor Rafael Hernández Barreras y su esposa, la señora Ludovigia Castrodad Méndez, y la Sociedad Legal de Bienes Gananciales por ellos compuesta, contra los aquí peticionarios, por ale-

gado incumplimiento de contrato y vicios de construcción. Se expiden los autos solicitados y se revoca la sentencia recurrida.

# I

El Sr. Rafael Hernández Barreras y su esposa, la Sra. Ludovigia Castrodad Méndez, dueños del proyecto de construcción denominado Proyecto Industrial Vázquez, y de los edificios objeto de este pleito, contrataron con la compañía constructora San Lorenzo Construction Corporation para que ésta proveyera los materiales y efectuara todos los trabajos descritos en los planos y las especificaciones técnicas preparadas para la construcción del referido proyecto.[1] El señor Hernández Barreras y San Lorenzo Construction Corporation formalizaron dos contratos para llevar a cabo dicha construcción. En el primer contrato se acordó realizar el movimiento de tierras (preparar el *site*) por un precio de ciento cuarenta y siete mil cuatrocientos ochenta y seis dólares ($147,486); en el segundo contrato, denominado *Construction of Four Buildings*, se acordó la construcción de cuatro estructuras industriales identificadas como los edificios A, B, C y D. Por su parte, San Lorenzo Construction Corporation otorgó un contrato de suplido de hormigón con la compañía hormigonera Concreto Mixto, Inc., para que suministrara todo el hormigón necesario para la construcción.[2]

Inconforme con la labor realizada por San Lorenzo Construction Corporation, el 23 de julio de 1990 el señor Hernández Barreras presentó una demanda contra la compañía constructora por alegado incumplimiento de con-

---

[1] Véase la Sentencia del Tribunal de Primera Instancia, Apéndice 14 del recurso de *certiorari* (Caso Núm. CC-97-331), pág. 181, y Apéndice 6 del recurso de *certiorari* (Caso Núm. CC-97-333), pág. 174.

[2] Sentencia del Tribunal de Primera Instancia, Apéndice 14 del recurso de *certiorari* (Caso Núm. CC-97-331), pág. 183, y Apéndice 6 del recurso de *certiorari*, (Caso Núm. CC-97-333), pág. 176.

trato, defectos de construcción y daños y perjuicios.(³) La acción presentada se relacionaba principalmente con la aparición de unas grietas en las lozas de los cuatro edificios identificados anteriormente.

Luego de presentada la demanda, ésta fue enmendada en varias ocasiones.(⁴) El señor Hernández Barreras incluyó como demandados en el pleito a Concreto Mixto, Inc. y al ingeniero Héctor Juncos Gautier por alegadamente el primero haber suplido hormigón de una calidad deficiente, y al segundo por haber preparado los diseños de la mezcla de hormigón del proyecto con una calidad y durabilidad inferior a la requerida para la construcción de los edificios del Proyecto Industrial Vázquez.(⁵) Así también, San Lorenzo Construction Corporation presentó demanda de coparte contra Concreto Mixto, Inc. y el ingeniero Juncos Gautier.(⁶)

En esta etapa de los procedimientos, el caso fue referido al Tribunal de Primera Instancia, a la Unidad Especial de Jueces de Apelaciones.(⁷) Tras un extenso descubrimiento de prueba y varios trámites procesales, el Tribunal de Primera Instancia celebró el juicio en su fondo, no sin antes

---

(³) Véase Demanda, Apéndice 1 del recurso de *certiorari* (Caso Núm. CC-97-331), págs. 1–4.

(⁴) Apéndices 3–11 del recurso de *certiorari* (Caso Núm. CC-97-331), págs. 12–60.

(⁵) Véanse: Tercera Demanda Enmendada, Apéndice 7 del recurso de *certiorari* (Caso Núm. CC-97-331), págs. 36–46; Apéndice 1 del recurso de *certiorari* (Caso Núm. CC-97-333), págs. 1–8. La reclamación contra el ingeniero Héctor Juncos Gautier, en su carácter personal, fue desestimada por el Tribunal de Primera Instancia. Tal determinación fue confirmada por el Tribunal de Circuito de Apelaciones. Véanse: Sentencia del Tribunal de Primera Instancia, Apéndice 14 del recurso de *certiorari* (Caso Núm. CC-97-331), pág. 224; Apéndice 6 del recurso de *certiorari* (Caso Núm. CC-97-333), pág. 217, y la Sentencia del Tribunal de Circuito de Apelaciones, Apéndice 42 del recurso de *certiorari* (Caso Núm. CC-97-331), pág. 1191; Apéndice 79 del recurso de *certiorari* (Caso Núm. CC-97-333), pág. 1156. Es por esta razón que el ingeniero Juncos Gautier fue excluido del recurso de *certiorari* (Caso Núm. CC-97-333), presentado por Concreto Mixto, Inc.

(⁶) Véase Demanda de Coparte, Apéndice 9 del recurso de *certiorari* (Caso Núm. CC-97-331), págs. 54–55.

(⁷) Orden del Juez Presidente del Tribunal Supremo de Puerto Rico de 8 de marzo de 1994. El caso fue asignado al Honorable Juez Ángel González Román.

realizar una inspección ocular de los edificios en controversia y levantar el acta correspondiente.([8])

Así las cosas, el Tribunal de Primera Instancia consideró y sopesó toda la evidencia sometida, y a base de la credibilidad merecida y el derecho aplicable formuló sus determinaciones de hecho y conclusiones de derecho, y dictó la sentencia correspondiente el 23 de febrero de 1995.([9]) En dicha sentencia el Tribunal de Primera Instancia, entre otras cosas, declaró sin lugar las demandas presentadas contra San Lorenzo Construction Corporation y Concreto Mixto, Inc. relacionadas con los vicios de construcción del referido proyecto Industrial.([10]) Además, el Tribunal de Primera Instancia ordenó el archivo definitivo de las mismas e impuso el pago de gastos, costas y honorarios de abogado a la parte demandante.

Inconforme con dicha determinación, el señor Hernández Barreras presentó, oportunamente, recurso de apelación ante el Tribunal de Circuito de Apelaciones.([11]) Éste no alegó directamente que el Tribunal de Primera Instancia hubiese cometido error en la apreciación de la prueba. No obstante, al señalar que el Tribunal de Primera Instancia había errado al eximir de responsabilidad a los codemandados por los defectos de construcción, el recurrido, señor Hernández Barreras, basó su argumentación mayormente

---

([8]) Véanse: Acta de Inspección Ocular, Apéndice 12 de la Petición de *certiorari* (Caso Núm. CC-97-331), págs. 60A–60D; Apéndice 3 del recurso de *certiorari* (Caso Núm. CC-97-333), págs. 14–16. La vista en su fondo se celebró los días 7, 8, 9, 10, 14, 15, 16, 17, 18, 21 y 22 de noviembre de 1994, y los días 5, 6 y 7 de diciembre del mismo año.

([9]) Véanse: Sentencia del Tribunal de Primera Instancia, Apéndice 14 del recurso de *certiorari* (Caso Núm. CC-97-331), págs. 172–224; Apéndice 6 del recurso de *certiorari* (Caso Núm. CC-97-333), págs. 165–217.

([10]) A pesar de que en la sentencia del Tribunal de Primera Instancia se señala que las demandas presentadas por la parte aquí recurrida fueron desestimadas, de una lectura de la misma podemos apreciar que no se trata de insuficiencia de la prueba, sino más bien de apreciación de la misma. Por lo tanto, entendemos que las referidas demandas fueron declaradas sin lugar por el Tribunal de Primera Instancia.

([11]) Véanse: recurso de Apelación, Apéndice 15 del recurso de *certiorari* (Caso Núm. CC-97-331), págs. 225–263; Apéndice 5 del recurso de *certiorari* (Caso Núm. CC-97-333), págs. 126–164.

en la prueba vertida durante el juicio por los testigos y peritos de las partes. Finalmente, solicitó a ese foro que, encontrándose en la misma posición que el Tribunal de Primera Instancia para evaluar la prueba pericial y documental, revocara la sentencia recurrida.[12] Arguyó que, según la evidencia presentada por él ante el Tribunal de Primera Instancia, San Lorenzo Construction Corporation y Concreto Mixto, Inc. eran responsables por los vicios de construcción, conforme al Art. 1483 del Código Civil de Puerto Rico.[13] Oportunamente, San Lorenzo Construction Corporation presentó ante el Tribunal de Circuito de Apelaciones una moción para solicitar la desestimación del recurso de apelación.[14] Por su parte, Concreto Mixto, Inc., presentó una moción en oposición al recuso de apelación presentado ante el Tribunal de Circuito de Apelaciones.[15]

Como parte del trámite apelativo, las partes comenzaron la etapa de preparar y presentar el Apéndice Conjunto del recurso apelativo ante el Tribunal de Circuito de Apelaciones.[16] Surge del expediente que entre los repre-

---

[12] Apelación, Apéndice 15 del recurso de *certiorari* (Caso Núm. CC-97-331), pág. 259, y Apéndice 5 del recurso de *certiorari* (Caso Núm. CC-97-333), pág. 160.

[13] 31 L.P.R.A. sec. 4124. El referido artículo dispone:

"El contratista de un edificio que se arruinase por vicios de la construcción, responde de los daños y perjuicios si la ruina tuviere lugar dentro de diez (10) años, contados desde que concluyó la construcción; igual responsabilidad, y por el mismo tiempo, tendrá el arquitecto que la dirigiere, si se debe la ruina a vicios del suelo o de la dirección.

"Si la causa fuere la falta del contratista a las condiciones del contrato, la acción de la indemnización durará quince (15) años."

[14] Apéndice 17 del recurso de *certiorari* (Caso Núm. CC-97-331), págs. 948–966; Apéndice 45 del recurso de *certiorari* (Caso Núm. CC-97-333), págs. 859–876.

[15] Apéndice 18 del recurso de *certiorari* (Caso Núm. CC-97-331), págs. 967–976; Apéndice 44 del recurso de *certiorari* (Caso Núm. CC-97-333), págs. 849–858.

[16] Regla 37 del Reglamento del Tribunal de Circuito de Apelaciones de 1995 (4 L.P.R.A. Ap. XXII (Sup.1995)). Es preciso señalar que, en el caso de autos, al momento de presentarse el recurso de apelación ante el Tribunal de Circuito de Apelaciones, se encontraba vigente el Reglamento del Tribunal de Circuito de Apelaciones aprobado el 13 de enero de 1995, con fecha de efectividad de 24 de enero de 1995. Por lo tanto, el presente recurso debe atenderse y resolverse a la luz de las disposiciones de dicho reglamento. La Regla 4 de Transición del Reglamento del Tribunal de Circuito de Apelaciones de 25 de abril de 1996, efectivo el 1ro de mayo de 1996 (4 L.P.R.A. Ap. XXII-A), dispone que:

sentantes legales de las partes hubo comunicaciones con el propósito de informar aquellos documentos que cada uno de los litigantes interesaba que fueran incluidos en el apéndice conjunto.[17] Además, las partes informaron al referido foro que se llevaron a cabo reuniones para preparar una exposición estipulada de la prueba oral.[18] No obstante, dichas reuniones resultaron infructuosas, por lo que, al no poderse preparar una exposición estipulada, la parte apelante solicitó al Tribunal de Circuito de Apelaciones que ordenara proceder conforme a lo establecido en la Regla 42 del Reglamento del Tribunal de Circuito de Apelaciones de 1995 (4 L.P.R.A. Ap. XXII (Sup.1995)).[19]

Mediante Resolución de 29 de octubre de 1996, notificada el 18 de noviembre de 1996, el Tribunal de Circuito de Apelaciones atendió y resolvió varios asuntos presentados por las partes.[20] Entre estos asuntos, declaró sin lugar la moción de desestimación de San Lorenzo Construction Corporation y la moción en oposición de Concreto Mixto, Inc. Además, atendió las mociones sobre la exposición estipulada de la prueba y le ordenó a la parte apelante la preparación de una exposición narrativa de la prueba dentro

"(a) Toda decisión dictada o emitida por un tribunal con anterioridad al 1ro de mayo de 1996, cuyo término para recurrir en alzada haya comenzado a decursar con anterioridad al 1ro de mayo de 1996, se continuará tramitando bajo la ley y el reglamento vigentes al momento en que comenzó a decursar el término para recurrir en alzada."

En el caso de autos, el Tribunal de Primera Instancia dictó sentencia el 23 de febrero de 1995 y fue notificada el 6 de marzo de ese mismo año.

[17] Apéndices 22 al 25 del recurso de *certiorari* (Caso Núm. CC-97-331), págs. 987–991. Estos procedimientos entre las partes fueron informados al Tribunal de Circuito de Apelaciones mediante moción informativa presentada por Concreto Mixto, Inc. Véanse: Apéndice 26 del recurso de *certiorari* (Caso Núm. CC-97-331), págs. 992–993; Apéndice 48 del recurso de *certiorari* (Caso Núm. CC-97-333), págs. 881–887.

[18] Apéndice 46 del recurso de *certiorari* (Caso Núm. CC-97-333), págs. 877–878.

[19] Apéndice 27 del recurso de *certiorari* (Caso Núm. CC-97-331), págs. 994–995; Apéndices 51 y 52 del recurso de *certiorari* (Caso Num. CC-97-333), págs. 893–896.

[20] Véanse: Resolución de 29 de octubre de 1996, Apéndice 21 del recurso de *certiorari* (Caso Núm. CC-97-331), págs. 982–986; Apéndice 55 del recurso de *certiorari* (Caso Núm. CC-97-333), págs. 901–905.

del término de cuarenta y cinco (45) días, a partir de la notificación de la resolución.[21]

Cumpliendo con lo ordenado por el Tribunal de Circuito de Apelaciones, el 3 de enero de 1997 el señor Hernández Barreras presentó su versión de la exposición narrativa de prueba ante el Tribunal de Primera Instancia, según lo establecía el Reglamento del Tribunal de Circuito de Apelaciones de 1995.[22] Dentro del término de diez (10) días establecido para que las partes presentaran sus objeciones o enmiendas a la exposición narrativa, San Lorenzo Construction Corporation y Concreto Mixto, Inc. solicitaron un plazo adicional para poder cumplir con lo establecido en dicho reglamento.[23] A tales fines, el Tribunal de Circuito de Apelaciones le concedió una prórroga de treinta (30) días a las compañías apeladas para presentar sus enmiendas y objeciones.[24]

El 13 de febrero de 1997, mucho antes de vencer el término de los treinta (30) días concedidos, Concreto Mixto, Inc. presentó ante el Tribunal de Primera Instancia y ante el Tribunal de Circuito de Apelaciones, sus objeciones y enmiendas a la exposición narrativa de la prueba presentada por la parte apelante.[25] Por su parte, San Lorenzo Construction Corporation también presentó oportunamente sus objeciones y enmiendas el 14 de febrero de 1997

---

[21] Resolución de 29 de octubre de 1996.

[22] Véanse: Moción sobre Exposición Narrativa, Apéndice 28 del recurso de *certiorari* (Caso Núm. CC-97-331), págs. 996–1091; Apéndice 56 del recurso de *certiorari* (Caso Núm. CC-97-333), págs. 906–1001. La parte apelante certificó en su moción haber enviado copia de la misma al Tribunal de Circuito de Apelaciones.

[23] Apéndices 29 y 31 del recurso de *Certiorari* (Caso Núm. CC-97-331), págs. 1092–1093 y 1098–1099; Apéndices LVIII y LIX del recurso de *certiorari* (Caso Núm. CC-97-333), págs. 1008–1011.

[24] Véanse: Resolución de 15 de enero de 1997, Apéndice XXX del recurso de *certiorari* (Caso Núm. CC-97-331), págs. 1094–1097; Apéndice 60 del recurso de *certiorari* (Caso Núm. CC-97-333), págs. 1012–1015. Esta resolución fue notificada el 2 de enero de 1997.

[25] Apéndice 61 del recurso de *certiorari* (Caso Núm. CC-97-333), págs. 1016–1024. La parte apelada Concreto Mixto, Inc. evidenció haber presentado el mismo día copia de la misma moción ante ambos foros judiciales. Véase Apéndice 66 del recurso de *certiorari* (Caso Núm. CC-97-333), págs. 1061–1063.

ante el Tribunal de Circuito de Apelaciones.[26] En síntesis, ambas partes apeladas adujeron en sus escritos que la exposición narrativa de la prueba presentada por la parte apelante omitía importantes partes de los testimonios de peritos y testigos presentados durante el juicio.

Esta situación dio origen a una nueva controversia entre las partes, esta vez relacionada a la presentación y notificación de las objeciones y enmiendas a la exposición narrativa de la prueba ante los distintos foros judiciales. De un lado, el recurrido, señor Hernández Barreras, solicitó al Tribunal de Circuito de Apelaciones que aprobara la exposición narrativa de la prueba por él presentada, ya que San Lorenzo Construction Corporation y Concreto Mixto, Inc. presentaron, erróneamente, sus escritos ante el Tribunal de Circuito de Apelaciones y no ante el Tribunal de Primera Instancia como exigía el Reglamento del Tribunal de Circuito de Apelaciones de 1995 hasta entonces vigente.[27] Por otro lado, Concreto Mixto, Inc. argumentó que presentó sus enmiendas y objeciones ante el Tribunal de Primera Instancia y notificó las mismas al Tribunal de Circuito de Apelaciones, tal y como disponía el mencionado reglamento.[28] Por su parte, San Lorenzo Construction Corporation, aun cuando admitió que por error había notificado sus enmiendas al Tribunal de Circuito de Apelaciones en vez de al Tribunal de Primera Instancia, alegó que dicha falta fue inmediatamente corregida.[29]

---

[26] Apéndice 32 del recurso de *certiorari* (Caso Núm. CC-97-331), págs. 1100–1125. No surge de la moción que la parte apelada San Lorenzo Construction Corporation hubiese presentado o notificado ese día dicha moción ante el Tribunal de Primera Instancia.

[27] Apéndice 34 del recurso de *certiorari* (Caso Núm. CC-97-331), págs. 1135–1137; Apéndice 64 del recurso de *certiorari* (Caso Núm. CC-97-333), págs. 1055–1057.

[28] Apéndices 36 y 39 del recurso de *certiorari* (Caso Núm. CC-97-331), págs. 1141–1142 y 1153–1155; Apéndice 66 del recurso de *certiorari* (Caso Núm. CC-97-333), págs. 1061–1063.

[29] Apéndices 35 y 38 del recurso de *certiorari* (Caso Núm. CC-97-331), págs. 1138–1140 y 1151–1152; Apéndices 65 y 69 del recurso de *certiorari* (Caso Núm. CC-97-333), págs. 1058–1060 y 1073–1074.

Así las cosas, el Tribunal de Primera Instancia, mediante Orden de 20 de marzo de 1997, señaló una vista para discutir las mociones sobre las objeciones y enmiendas a la exposición narrativa de la prueba.[30] En reacción a esto, el 3 de abril de 1997 el señor Hernández Barreras solicitó al Tribunal de Primera Instancia que se abstuviera de entrar a considerar las objeciones o enmiendas presentadas, hasta que el Tribunal de Circuito de Apelaciones decidiera la controversia surgida sobre las mismas.[31] No obstante, el Tribunal de Primera Instancia, mediante Orden de 18 de abril de 1997, ordenó a las partes cumplir con la orden previamente emitida a esos efectos el 20 de marzo de 1997.[32]

*Sin embargo, mientras las partes se preparaban para argumentar ante el Tribunal de Primera Instancia las mociones en cuanto a la exposición narrativa de la prueba, el Tribunal de Circuito de Apelaciones dictó sentencia el 6 de mayo de 1997 mediante la cual resolvió el recurso apelativo ante su consideración.*[33] Esto ocurrió sin que el Tribunal de Primera Instancia aprobara la exposición narrativa de la prueba; sin que el Tribunal de Circuito de Apelaciones se

---

[30] Véanse: Orden del Tribunal de Primera Instancia de 20 de marzo de 1997, Apéndice 40 del recurso de *certiorari* (Caso Núm. CC-97-331), pág. 1156; Apéndice 70 del recurso de *certiorari* (Caso Núm. CC-97-333), págs. 1075–1076. El Tribunal de Primera Instancia originalmente señaló la vista para el 10 de junio de 1997. Mediante Orden de 1ro de mayo de 1997, dicho tribunal reseñaló la vista para el 29 de agosto 1997. Véanse: Orden del Tribunal de Primera Instancia de 1ro de mayo de 1997, Apéndice del recurso de *certiorari* (Caso Núm. CC-97-331), pág. 1157; Apéndice 78 del recurso de *certiorari* (Caso Núm. CC-97-333), págs. 1120–1121. De ninguna de las órdenes surge si el Tribunal de Circuito de Apelaciones fue notificado de dicho señalamiento.

[31] Apéndice 72 del recurso de *certiorari* (Caso Núm. CC-97-333), págs. 1086–1104.

[32] Véase Orden del Tribunal de Primera Instancia de 18 de abril de 1997, Apéndice 76 del recurso de *certiorari* (Caso Núm. CC-97-333), pág. 1115. Tampoco surge de esta orden si el Tribunal de Circuito de Apelaciones fue notificado de la decisión del Tribunal de Primera Instancia de continuar con la vista sobre la exposición narrativa de la prueba.

[33] Véanse: Sentencia del Tribunal de Circuito de Apelaciones, Apéndice 42 del recurso de *certiorari* (Caso Núm. CC-97-331), págs. 1159–1198; Apéndice 79 del recurso de *certiorari* (Caso Núm. CC-97-333), págs. 1122–1163. La sentencia fue notificada el 19 de mayo de 1997.

expresara en torno a la controversia surgida sobre la presentación y notificación de las objeciones y enmiendas a la misma ante los distintos foros judiciales, y sin concederle término a las partes apeladas para presentar el apéndice conjunto y sus respectivos alegatos. *En dicha sentencia, el Tribunal de Circuito de Apelaciones concluyó que luego de "[u]n minucioso y concienzudo examen integral de los autos, [el Tribunal de Primera Instancia] incidió en la apreciación y valoración de la prueba".*[34] *El Tribunal de Circuito de Apelaciones procedió a analizar el expediente ante su consideración y descartó ciertas determinaciones de hechos y conclusiones de derecho hechas por el Tribunal de Primera Instancia. Como consecuencia de lo anterior, el Tribunal de Circuito de Apelaciones revocó la sentencia emitida por el Tribunal de Primera Instancia.*

Inconformes con esta determinación, San Lorenzo Construction Corporation y Concreto Mixto, Inc. acuden ante nos por separado para solicitar la revisión de la sentencia emitida por el Tribunal de Circuito de Apelaciones al señalar la comisión de varios errores.[35] La peticionaria San Lorenzo Construction Corporation señaló como errores cometidos por dicho tribunal los siguientes:[36]

1. Erró el [h]onorable Tribunal de [Circuito de] Apelaciones al dictar sentencia sin haberse perfeccionado el recurso de apelación, sin tener el apéndice conjunto, la exposición narrativa, los autos originales y el alegato de los apelados y sin concederle a San Lorenzo el debido proceso de ley.

2. Erró el [h]onorable [t]ribunal al determinar que las grietas de los edificios exceden la medida de las imperfecciones que cabe esperar en este tipo de construcción[,] constituyéndose los elementos de la ruina. ...

3. Erró el [h]onorable Tribunal de [Circuito de] Apelaciones al

---

[34] (Énfasis suplido.) Sentencia del Tribunal de Circuito de Apelaciones, Apéndice 42 del recurso de *certiorari* (Caso Núm. CC-97-331), pág. 1171, y Apéndice 79 del recurso de *certiorari* (Caso Núm. CC-97-333), pág. 1174.

[35] San Lorenzo Construction Corporation acude ante nos mediante el recurso CC-97-331, y Concreto Mixto, Inc. acude ante nos mediante el recurso CC-97-333.

[36] Petición de *certiorari* (Caso Núm. CC-97-331), págs. 8–9.

determinar que la evidencia apunta a una pobre compactación del suelo sobre el cual descansan los pisos de los edificios. ...

4. Erró el [h]onorable Tribunal de [Circuito de] Apelaciones al determinar que el refuerzo de temperatura de los pisos no se instaló según lo especificado en los planos[,] y que la loza de los pisos no tenía el espesor requerido de 5". ...

5. Erró el [h]onorable [t]ribunal al determinar que existe relación causal entre los alegados vicios de construcción y las grietas de los edificios.

6. Erró el [h]onorable [t]ribunal al determinar que el hormigón no tiene las 3,000 lbs[.] psi requeridas y que se trata de un hormigón defectuoso. ...

7. Erró el [h]onorable [t]ribunal al imponerle responsabilidad a SLC por defectos en el hormigón.

8. Erró el [h]onorable Tribunal [de Circuito] de Apelaciones al determinar que los vicios no eran aparentes y que[,] de serlos, tales vicios no relevan de responsabilidad al contratista si los mismos producen la ruina dentro del plazo decenal. ...

9. Erró el [h]onorable Tribunal de [Circuito de] Apelaciones al determinar que la doctrina de asunción de riesgo no es aplicable en este caso y la misma no puede usarse para relevar de su responsabilidad decenal al contratista. ...

10. Erró el [h]onorable Tribunal de Apelaciones al determinar que la negociación habida entre las partes no incluyó los vicios reclamados en la demanda, y que no hubo transacción. ...

11. Erró el [h]onorable Tribunal de [Circuito de] Apelaciones al revocar la sentencia emitida por el Juez de la Unidad Especial de Jueces de Apelaciones. ...

12. Erró el [h]onorable Tribunal [de Circuito] de Apelaciones al determinar que San Lorenzo responde directa y primariamente por los defectos de construcción. ...

13. Erró el [h]onorable Tribunal de [Circuito de] Apelaciones al determinar que el demandante apelado [sic] no incurrió en temeridad. ...

14. Erró el [h]onorable Tribunal de [Circuito de] Apelaciones al devolverle el caso a[l tribunal de Primera] Instancia para la estimación de los daños.

Por su parte, la peticionaria Concreto Mixto, Inc. señaló como errores cometidos por el Tribunal de Circuito de Apelaciones los siguientes:(37)

A. Erró el Tribunal de Circuito de Apelaciones al emitir su sentencia sin contar con la exposición narrativa de la prueba,

---

(37) *Certiorari* (Caso Núm. CC-97-333), págs. 9–10.

debidamente aprobada por el Tribunal de Primera Instancia[,] de conformidad con el Reglamento entonces vigente de dicho [t]ribunal.

B. Erró el Tribunal de Circuito de Apelaciones al emitir su sentencia sin contar con el Apéndice Conjunto, el cual incluiría los documentos que a las partes apeladas interesan que dicho [t]ribunal [a]pelativo tomara en consideración en su análisis.

C. Erró el Tribunal de Circuito de Apelaciones al emitir su sentencia sin haberse perfeccionado el recurso.

D. Erró el Tribunal de Circuito de Apelaciones al emitir su sentencia sin haber elevado los autos, según indicado en la Regla 16(C) del Reglamento entonces vigente de dicho [t]ribunal.

E. Erró el Tribunal de Circuito de Apelaciones al emitir su sentencia sin contar con los alegatos de las partes apeladas.

F. Erró el Tribunal de Circuito de Apelaciones al no ejercer su deber de velar porque el procedimiento ante dicho [t]ribunal se llevara adecuadamente.

G. Erró el Tribunal de Circuito de Apelaciones al concluir que Concreto Mixto, Inc. es responsable por los alegados defectos en el proyecto industrial, a pesar de haber reconocido que Concreto Mixto[, Inc.] es un suplidor y no un su[bc]ontratista.

H. Erró el Tribunal de Circuito de Apelaciones al concluir que Concreto Mixto, Inc. le responde contingentemente a San Lorenzo Construction Corporation por [ésta] haber radicado una demanda de [coparte] contra Contrato Mixto, Inc.

I. Erró el Tribunal de Circuito de Apelaciones al modificar las conclusiones de hecho y de derecho emitidas por el Tribunal de Primera Instancia sin existir evidencia de error manifiesto, p[re]juicio o parcialidad.

J. Erró el Tribunal de Circuito de Apelaciones al alterar la apreciación de la prueba pericial presentada en juicio que hizo el Tribunal de Primera Instancia.

K. Erró el Tribunal de Circuito de Apelaciones al abusar de su discreción en el caso de epígrafe.

L. Erró el Tribunal de Circuito de Apelaciones al concluir que la parte demandante no incurrió en temeridad.

M. Erró el Tribunal de Circuito de Apelaciones al devolver el caso a instancia para la estimación de los daños.

Los errores señalados tratan esencialmente sobre la falta de perfeccionamiento del recurso de apelación ante el Tribunal de Circuito de Apelaciones y la responsabilidad por los vicios de construcción de San Lorenzo Construction Corporation y Concreto Mixto, Inc., respectivamente. Por

la similitud de los planteamientos realizados en ambos recursos sobre la misma sentencia, se consolidan.

Concedimos término a la parte recurrida, señor Hernández Barreras, para que mostrara causa por la cual no debíamos dejar sin efecto la sentencia recurrida y devolver el asunto al Tribunal de Circuito de Apelaciones para su consideración, una vez fuera perfeccionado el recurso en todas sus partes. En cumplimiento de dicha orden, el señor Hernández Barreras ha comparecido. Analizados sus argumentos, expedimos los autos solicitados y resolvemos según lo expuesto a continuación.

Atenderemos conjuntamente el señalamiento de error número uno del recurso de *certiorari* presentado por San Lorenzo Construction Corporation y los primeros seis errores señalados en el recurso de *certiorari* presentado por Concreto Mixto, Inc., por ser esencialmente iguales. En síntesis, se nos plantea que el Tribunal de Circuito de Apelaciones erró al emitir su sentencia sin tener el beneficio de la exposición narrativa de la prueba que éste previamente había autorizado; al no darle oportunidad a los peticionarios de presentar sus alegatos ni de presentar el apéndice conjunto. Por lo tanto, no entraremos a evaluar los restantes señalamientos de error, ya que todos ellos están relacionados con la apreciación de la prueba que hizo el Tribunal de Circuito de Apelaciones, cuya exposición narrativa, concluimos, no fue aprobada conforme a derecho.

## II

Mediante la aprobación de la Ley de la Judicatura de Puerto Rico de 1994, Ley Núm. 1 de 28 de julio de 1994, según enmendada,[38] se incorporaron cambios sustanciales en el esquema del sistema judicial del país. Esta ley se aprobó con el propósito de uniformar los procedi-

---

[38] 4 L.P.R.A. sec. 22 *et seq.*

mientos judiciales y garantizar igual y fácil acceso de los ciudadanos a los servicios ofrecidos por la Rama Judicial.[39] Entre los cambios que introdujo esta ley se encuentra la creación del Tribunal de Circuito de Apelaciones. Ese tribunal se creó con el propósito de concederle a todos los litigantes el derecho a apelar todas las sentencias finales dictadas por el Tribunal de Primera Instancia ante un foro apelativo no colegiado.[40] El Tribunal de Circuito de Apelaciones tiene la función principal de revisar los procedimientos del Tribunal de Primera Instancia para determinar si éste aplicó el derecho correctamente y si se siguieron los procedimientos dispuestos por el ordenamiento procesal.[41]

En cumplimiento con las disposiciones de la referida Ley de la Judicatura de Puerto Rico de 1994, el 13 de enero de 1995 se aprobó el Reglamento del Tribunal de Circuito de Apelaciones de 1995.[42] Ese reglamento tuvo el propósito de hacer viable el funcionamiento del nuevo foro apelativo de manera acorde con los objetivos de la Ley de la Judicatura de Puerto Rico de 1994, y para ello se estableció en el mismo las normas que debían regir los procedimientos ante dicho foro.[43]

Mediante la Ley Núm. 248 de 25 de diciembre de 1995 se enmendó la Ley de la Judicatura de Puerto Rico de 1994, con lo cual se reestructuró de forma significativa la competencia, tanto de este Tribunal como la del Tribunal de Circuito de Apelaciones. Además, durante ese período se

---

[39] Véase Exposición de Motivos de la Ley de la Judicatura de Puerto Rico de 1994.

[40] 4 L.P.R.A. sec. 22k(a).

[41] *Depto. de la Familia v. Shrivers Otero*, 145 D.P.R. 351 (1998); *Maldonado Bermúdez v. Maldonado González*, 141 D.P.R. 19 (1996); *Rivera v. E.L.A.*, 140 D.P.R. 168 (1996).

[42] 4 L.P.R.A. Ap. XXII (Sup.1995). Este reglamento —aprobado el 13 de enero de 1995— entró en vigor el 24 de enero de 1995.

[43] *Maldonado Bermúdez v. Maldonado González*, supra.

aprobaron diversas leyes([44]) que enmendaron varias disposiciones de las Reglas de Procedimiento Civil,([45]) Procedimiento Criminal,([46]) y de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico.([47]) Debido a los múltiples cambios establecidos por estas leyes, este Tribunal aprobó un nuevo Reglamento del Tribunal de Circuito de Apelaciones, el 25 de diciembre de 1995, efectivo el 1ro de mayo de 1996.([48])

En el caso de autos, el Tribunal de Primera Instancia dictó sentencia el 23 de febrero de 1995 y ésta fue notificada el 6 de marzo de 1995.([49]) Al momento de presentarse el escrito de apelación ante el Tribunal de Circuito de Apelaciones, estaba vigente el Reglamento del Tribunal de Circuito de Apelaciones de 1995. En el descargo de su ministerio, el Tribunal de Circuito de Apelaciones debía determinar si el Tribunal de Primera Instancia llegó a conclusiones que estaban apoyadas en la evidencia presentada. Por ello, debía procurar tener todos los elementos de juicio necesarios para emitir su decisión. Así, cuando una de las partes ha señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación de la prueba por parte del Tribunal de Primera Instancia, el Tribunal de Circuito de Apelaciones, en aras de cumplir cabalmente su función revisora, debe ordenar una exposición narrativa de la prueba en ausencia de una

---

([44]) Leyes Núms. 247, 248, 249 y 251, aprobadas el 25 diciembre de 1995 y que entraron en vigor el 5 de enero de 1996.

([45]) Reglas de Procedimiento Civil de 1979, según enmendadas, 32 L.P.R.A. Ap. III.

([46]) Reglas de Procedimiento Criminal de 1963, según enmendadas, 34 L.P.R.A. Ap. II.

([47]) Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2101 *et seq.*

([48]) 4 L.P.R.A. Ap. XXII-A. Véase, también, *Aprobación y Vigencia Regl. T. Apelaciones,* 140 D.P.R. 647 (1996).

([49]) Sentencia y Notificación del Tribunal de Primera Instancia, Apéndice 14 del recurso de *certiorari* (Caso Núm. CC-97-331), págs. 170–224; Apéndices 6 y 7 del recurso de *certiorari* (Caso Núm. CC-97-333), págs. 165–219.

estipulada, u ordenar la transcripción total o parcial de la evidencia desfilada ante el Tribunal de Primera Instancia.([50]) De ordinario, cuando se señalan errores en la apreciación de la prueba y su admisibilidad, el derecho de apelación implica que sea perfeccionado mediante alguno de los mecanismos de recopilación de la prueba oral presentada ante el Tribunal de Primera Instancia, incluyendo la consideración del legajo y los respectivos alegatos de las partes.([51])

El Reglamento del Tribunal de Circuito de Apelaciones de 1995, cuya intención fue hacer viable su funcionamiento de acuerdo con los propósitos de la Ley de la Judicatura de Puerto Rico de 1994, contenía los mecanismos para presentar ante el Tribunal de Circuito de Apelaciones la prueba oral que desfiló ante el Tribunal de Primera Instancia para tomar la determinación sobre la revisión solicitada.([52]) Como parte de dichos mecanismos, y en lo pertinente a la controversia de autos, la Regla 40 del antiguo Reglamento del Tribunal de Circuito de Apelaciones de 1995 (4 L.P.R.A. Ap. XXII (Sup.(1995)), disponía que cuando alguna parte estimara que para la resolución de un recurso fuese necesario considerar alguna porción de la prueba oral, se debía incluir al legajo o al apéndice conjunto una exposición estipulada o, en su defecto, una exposición narrativa o una transcripción de la prueba presentada.([53]) Por su parte, la Regla 42 del mismo reglamento disponía:([54])

---

([50]) *Depto. de la Familia v. Shrivers Otero*, supra, págs. 359–360; *Maldonado Bermúdez v. Maldonado González*, supra.

([51]) *Pueblo v. Calderón Hernández*, 145 D.P.R. 603 (1998).

([52]) Véanse: Reglas 40 a la 43 del Reglamento del Tribunal de Circuito de Apelaciones de 1995 (4 L.P.R.A. Ap. XXII (Sup.1995)). El nuevo Reglamento del Tribunal de Circuito de Apelaciones de 1996 contiene disposiciones similares en las Reglas 19 y 20 (4 L.P.R.A. Ap. XXII-A).

([53]) Regla 40 del Reglamento del Tribunal de Circuito de Apelaciones de 1995, *supra*.

([54]) Regla 42 del Reglamento del Tribunal de Circuito de Apelaciones de 1995, *supra*.

(a) El Tribunal de Circuito de Apelaciones, motu proprio o a solicitud de parte, podrá ordenar la preparación de una exposición narrativa de la prueba.

(b) La parte apelante o peticionaria, dentro del término de veinte (20) días de ordenada la preparación de una exposición narrativa de la prueba por el Tribunal de Circuito de Apelaciones, presentará dicha exposición ante el foro de primera instancia y la notificará a la parte contraria, la cual deberá presentar sus objeciones y proponer enmiendas dentro de los diez (10) días siguientes.

Tanto la presentación de la exposición narrativa como de las objeciones deberán ser notificadas al Tribunal de Circuito de Apelaciones.

Inmediatamente dicha exposición, con las objeciones o enmiendas, quedará sometida al Tribunal de Primera Instancia para su aprobación en el término de treinta (30) días. Al expirar dicho plazo sin que se hubiere aprobado y sin que mediaren objeciones, se entenderá aprobada la exposición narrativa. Una vez resuelta las objeciones, si alguna, y aprobada la exposición narrativa de la prueba, el Secretario de dicho Tribunal le notificará al Secretario del Tribunal de Circuito de Apelaciones. Los términos antes dispuestos podrán ser prorrogados mediante moción debidamente fundamentada y por justa causa.

(c) Será responsabilidad de la parte apelante o peticionaria desplegar toda la diligencia requerida para dar cumplimiento a los plazos dispuestos por esta sección y notificar al Tribunal de Circuito de Apelaciones en caso de que no se haya cumplido con lo anterior. La omisión de la parte apelante o peticionaria de cumplir con dicho deber podrá ser fundamento para la desestimación del recurso conforme a la [Regla] 44.

(d) A los fines de facilitar la preparación de una exposición narrativa de la prueba, los abogados podrán utilizar las grabaciones efectuadas con sus propias grabadoras según se autoriza en las Reglas de Administración para el Tribunal de Primera Instancia. 4 L.P.R.A. Ap. XXII (Sup. 1995).

█ En el caso de autos, al no ponerse de acuerdo las partes para preparar una exposición estipulada, la parte apelante le solicitó al Tribunal de Circuito de Apelaciones que ordenara la preparación de una exposición narrativa de la prueba. Dicho foro accedió a esta solicitud y ordenó a la parte apelante presentar la misma. La parte apelante cumplió con lo ordenado, y las partes apeladas oportunamente presentaron sus objeciones y enmiendas. Así, pues,

el Tribunal de Primera Instancia señaló una vista para discutir los asuntos relacionados con la exposición narrativa de la prueba; vista que fue pospuesta en varias ocasiones. Aun cuando no surge de los recursos si el Tribunal de Circuito de Apelaciones estaba enterado de dicho procedimiento ante el Tribunal de Primera Instancia,[55] lo cierto es que dicho foro emitió su sentencia sin que se perfeccionara el recurso mediante el recibo del apéndice conjunto, o de la elevación de los autos originales, de la exposición narrativa de la prueba, y de los alegatos de las partes apeladas, en clara contravención a lo dispuesto en la Regla 16 del Reglamento del Tribunal de Circuito de Apelaciones de 1995 (4 L.P.R.A. Ap. XXII (Sup. 1995)).[56]

 Concluimos que la actuación del foro recurrido es errónea. El Tribunal de Circuito de Apelaciones incumplió con su función revisora, al no permitir el perfeccionamiento del recurso de conformidad con el ordenamiento jurídico vigente. En el caso ante nos, dicho tribunal expresamente concluyó que el Tribunal de Primera Instan-

---

[55] La Regla 42 del Reglamento del Tribunal de Circuito de Apelaciones de 1995, *supra*, impone a la parte apelante la responsabilidad de desplegar toda diligencia requerida y notificar al Tribunal de Circuito de Apelaciones en cuanto al cumplimiento con lo requerido en dicho reglamento con relación a la preparación de la exposición narrativa de la prueba.

[56] La Regla 16 del Reglamento del Tribunal de Circuito de Apelaciones de 1995, *supra*, en lo pertinente, disponía que:

"(a) El apelante someterá al Tribunal su alegato ... dentro de los treinta (30) días a partir del perfeccionamiento del recurso mediante el recibo de los autos originales y la exposición narrativa de la prueba o la transcripción de evidencia, según sea el caso.

"(b) El apelado presentará su alegato ... dentro de los treinta (30) días del recibo de la copia del alegato del apelante.

"(c) En los casos civiles, el escrito de apelación, conteniendo el señalamiento y discusión de los errores, constituirá el alegato de los apelantes, y no se permitirá uno suplementario, excepto por causa justificada y con permiso del Tribunal de Circuito de Apelaciones. No se considerará ningún señalamiento de error omitido o no discutido en el escrito de apelación. Dentro de los treinta (30) días de notificadas las partes de la presentación de los autos en apelación, la parte apelada presentará al Tribunal de Circuito de Apelaciones su alegato en el caso, con notificación a todas las partes, discutiendo cada uno de los errores señalados por el apelante en su escrito de apelación."

cia había errado en su apreciación de la prueba.([57]) Dado que es norma reiterada por este Tribunal que las determinaciones de hecho que hace el Tribunal de Primera Instancia merecen gran deferencia y respeto por la oportunidad que tuvo el juzgador de los hechos de observar y escuchar a los testigos,([58]) la intervención del foro apelativo con esa prueba tiene que estar basada en un análisis independiente de la prueba desfilada y no a base de los hechos que exponen las partes.([59])

Aun cuando en el juicio en su fondo desfiló una gran cantidad de prueba pericial y, según el ordenamiento jurídico, un foro apelativo está en igual posición que el Tribunal de Primera Instancia para revisar esa prueba,([60]) lo cierto es que el juez de instancia escuchó el testimonio de varios peritos en cuanto a diversos aspectos relacionados con los alegados vicios de construcción, y en esa ardua tarea dirimió credibilidad en cuanto a los testimonios periciales en conflicto. Dicha credibilidad juega un papel importante en la determinación de responsabilidad de la parte demandada, ya que dependiendo de cuál testimonio pericial se acoja, variará la conclusión sobre responsabilidad de los demandados.

Por lo tanto, era imperativo que el Tribunal de Circuito de Apelaciones realizara una evaluación de la prueba vertida en el juicio por los testigos y peritos presentados por las partes mediante la exposición narrativa de la prueba oral a ser aprobada por el Tribunal de Primera Instancia. Aun cuando no surge del expediente si el Tribu-

---

([57]) Sentencia del Tribunal de Circuito de Apelaciones, Apéndice 42 del recurso de *certiorari* (Caso Núm. CC-97-331), pág. 1171; Apéndice 79 del recurso de *certiorari* (Caso Núm. CC-97-333), pág. 1134.

([58]) *Rolón v. Charlie Car Rental, Inc.*, 148 D.P.R. 420 (1999); *Huertas v. Cía. Fomento Recreativo*, 147 D.P.R. 12 (1998) *López Vicil v. ITT Intermedia, Inc.*, 142 D.P.R. 857 (1997).

([59]) *Pueblo v. Calderón Hernández*, supra, págs. 605–606.

([60]) *Moreda v. Rosselli*, 2000 T.S.P.R. 56, 150 D.P.R. 473 (2000); *Dye-Tex P.R., Inc. v. Royal Ins. Co., P.R.*, 2000 T.S.P.R. 54, 150 D.P.R. 658 (2000).

nal de Circuito de Apelaciones conocía del señalamiento de la vista ante el Tribunal de Primera Instancia para discutir los asuntos sobre la exposición narrativa de la prueba, éste sí estaba al tanto de la controversia planteada, precisamente en cuanto a ese asunto. Todas las partes presentaron ante el Tribunal de Circuito de Apelaciones sus respectivos escritos en cuanto a la exposición narrativa de la prueba, además de varias mociones señalando la controversia surgida en cuanto a la misma. Como mínimo, el Tribunal de Circuito de Apelaciones debió hacer una determinación en cuanto a ese asunto. Como consecuencia de esto, el recurso de apelación ante el Tribunal de Circuito de Apelaciones nunca fue perfeccionado conforme a derecho, ya que carecía de una exposición narrativa de la prueba oral aprobada por el Tribunal de Primera Instancia, de los alegatos de las partes apeladas y del apéndice conjunto. Por tanto, el Tribunal de Circuito de Apelaciones no estaba en posición de resolver el recurso ante su consideración, y erró al así dictar la sentencia que revocó el dictamen apelado emitido por el Tribunal de Primera Instancia.

## III

Por los fundamentos antes expuestos, *procede expedir los autos solicitados, revocar la sentencia emitida por el Tribunal de Circuito de Apelaciones y devolver el caso a dicho foro para que lo resuelva, una vez se haya perfeccionado la apelación.*

*Se dictará sentencia revocatoria.*