Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| MUNICIPIO DE YABUCOA<br>**Apelado**<br><br>V.<br><br>OFICINA PRO-AYUDA A PERSONAS CON IMPEDIMIENTOS, INC.<br>**Apelante** | KLAN202300813 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Civil. Núm. HU2019CV01728<br><br>Sobre: INCUMPLIMIENTO DE CONTRATO |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

Hernández Sánchez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 7 de diciembre de 2023.

El 14 de septiembre de 2023, la Oficina Pro Ayuda a Personas con Impedimento, Inc. (OPAPI o apelante) compareció ante nos mediante un *Recurso de Apelación* y solicitó la revocación de una *Sentencia* que se dictó y notificó el 18 de agosto de 2023 por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI). Mediante el aludido dictamen, el TPI ordenó a que la propiedad objeto del pleito se revirtiera inmediatamente al municipio de Yabucoa (Municipio o apelado), condenó a la parte apelante al pago de las costas y gastos sujeto a la presentación oportuna de un memorando de costas por parte del Municipio y, por último, desestimó la reconvención que presentó la OPAPI con perjuicio.

Por los fundamentos que expondremos a continuación, ***confirmamos*** el dictamen apelado.

## I.

El 1 de noviembre de 2019, el Municipio incoó una *Demanda* sobre incumplimiento de contrato contra OPAPI.[1] Alegó que, en algún momento en el 2010, el apelante le solicitó la cesión de un predio de

---

[1] Véase, Apéndice 10 del *Recurso de Apelación*, págs. 237-242.

terreno perteneciente al Municipio. Sostuvo que el 5 de agosto de 2010, la Legislatura Municipal del Municipio de Yabucoa aprobó la cesión solicitada mediante la Resolución Núm. 6 y que, al día siguiente, a saber, el 6 de agosto de 2010, el alcalde del Municipio la firmó. Planteó que dicha resolución establecía que la propiedad cedida a la OPAPI sería destinada para el desarrollo de un proyecto de interés social conocido como Torre Dorada. De igual manera, sostuvo que la resolución establecía que la propiedad cedida se revertiría al Municipio cuando no se dedicara a los fines y propósitos allí establecidos.

Por otro lado, indicó que, el 11 de febrero de 2011, suscribió la Escritura Núm. 2 con OPAPI sobre cesión y traspaso de bien inmueble. Adujo que en la aludida escritura se estableció que la cesión sería regida por las disposiciones aplicables a la Ley Núm. 81-1991, según enmendada, conocida como la *Ley de Municipio Autónomos*, 21 LPRA secs. 4001, *et seq*. Asimismo, expresó que mediante este instrumento público se recogió el propósito de la cesión y se especificó que, de no cumplirse con dicho fin, la propiedad revertiría al Municipio.

Sin embargo, adujo que desde que la OPAPI advino como el titular del inmueble, no se había materializado ningún tipo de desarrollo en el terreno cedido. Indicó que, al momento de la presentación de la demanda, el predio estaba vacío y las personas de la comunidad no habían podido disfrutarlo. Por tal motivo, solicitó la revocación de la cesión y que se revirtiera la titularidad del predio de terreno a su nombre. Además, solicitó el pago de los honorarios y los costos notariales. Finalmente, solicitó el pago de honorarios por temeridad, ya que el apelante se negó a cumplir con su obligación de revertir la titularidad.

En respuesta, el 21 de marzo de 2020, OPAPI presentó su *Contestación a Demanda.*[2] En esta, negó ciertas alegaciones y levantó sus correspondientes defensas afirmativas. De igual manera, en este escrito presentó una reconvención. En síntesis, esbozó que ni

---

[2] Véase, Apéndice 11 del *Recurso de Apelación*, pág. 243-256.

resolución de la legislatura municipal ni la escritura pública suscrita por las partes establecían plazo o término para realizar el proyecto de Torre Dorada. Asimismo, arguyó que el Municipio ocupó ilegalmente la propiedad en controversia ya que construyó una pista de patinaje en una parte terreno cedido sin haber hecho la correspondiente compensación ni haber emitido alguna escritura de segregación o cesión a tales efectos.

A tenor con lo anterior, la OPAPI solicitó lo siguiente: (1) el pago de cien mil ($100,00.00) dólares por haber ocupado ilegalmente los terrenos; (2) doscientos mil ($200,000.00) dólares por concepto de daños y perjuicios debido a la negligencia del incumplimiento de contrato; (3) ciento veinticinco mil ($125,000.00) dólares por concepto de los gastos, costas, e intereses aplicables; y, por último, (4) la compensación del valor del terreno ocupado conforme a lo que concluyera un tasador profesional más la segregación del terreno o en la alternativa, la devolución de dicho terreno ocupado.

Luego varios incidentes procesales que no necesarios detallar y tras haberse concluido el descubrimiento de prueba, el 22 de mayo de 2023, se llevó a cabo una vista en su fondo. Sometido el caso por las partes, el 18 de agosto de 2023, el TPI dictó y emitió su *Sentencia*.[3] En esta concluyó que, de acuerdo con la prueba desfilada en el juicio, se logró establecer que, tras más de una década de haberse cedido el terreno, este no ha sido dedicado a los fines y propósitos establecidos en la Resolución Núm. 6. Asimismo, determinó que "de la prueba desfilada en la vista en su fondo, no surge ninguna acción clara y especifica de la parte demandada dirigida a desarrollar el proyecto, con anterioridad a la presentación del caso de autos".[4]

Conforme con este razonamiento, el TPI declaró Ha Lugar la *Demanda* presentada por el Municipio y ordenó lo siguiente:

1) que la propiedad objeto de este pleito revierta inmediatamente al Municipio de Yabucoa;

---

[3] Véase, Apéndice 1 del *Recurso de Apelación*, pág. 1-12.
[4] Íd., pág. 11.

2) se condena a la parte demandada al pago de las costas y gastos necesariamente incurridos por la parte demandante en la tramitación de este pleito, sujeto a la presentación oportuna del correspondiente memorando de costas por parte de la demandante.

3) se DESESTIMA la reconvención presentada por la parte demandada, con perjuicio.[5]

En tal sentido, el TPI declaró No Ha Lugar la reconvención de OPAPI, toda vez que, de la evidencia desfilada en la vista en su fondo, el apelante no logró presentar prueba que demostrara que el Municipio actuó de forma ilegal al desarrollar un parque de patinaje.

Inconforme, el 14 de septiembre de 2023, el apelante recurrió ante este foro mediante un *Recurso de Apelación* y formuló los siguientes señalamientos de error:

> **Primer señalamiento de error: Erró el Tribunal de Primera Instancia, Sala Superior de Humacao al concluir que la prueba desfilada durante la vista en su fondo estableció a satisfacción del Tribunal que luego de más de una década (12 años aproximadamente) el terreno cedido por el Municipio a la OPAPI no ha sido dedicado a los fines y propósitos establecidos en la Resolución Núm. 6 serie 2010-2011 y en la Escritura número 2 Escritura de Cesión y Traspaso de Bien Inmueble del 11 de febrero de 2011. De la prueba desfilada en la vista en su fondo no surge ninguna acción clara y especifica de la parte demandada dirigida a desarrollar el proyecto, con anterioridad a la presentación del caso de autos.**

> **Segundo señalamiento de error: Erró el Tribunal de Primera Instancia, Sala Superior de Humacao al concluir que la parte demandada no cuenta con los recursos financieros para realización del proyecto.**

> **Tercer señalamiento de error: Erró el Tribunal de Primera Instancia, Sala Superior de Humacao al concluir que el Municipio de Yabucoa no actuó de forma ilegal al desarrollar el proyecto del parque de patinaje.**

Atendido el recurso, el 27 de septiembre de 2023, emitimos una *Resolución* concediéndole a la parte apelada hasta el 16 de octubre de 2023 para que presentara su oposición. Sin embargo, el 11 de octubre de 2023, el Municipio compareció con una *Moción en Solicitud de Desestimación al amparo de la Regla (B) (4) del Reglamento del Tribunal*

---

[5] Íd., pág. 12.

*de Apelaciones*. Fundamentó este escrito en que el apelante incumplió con nuestro Reglamento al presentar en su apéndice una serie de documentos que no obraban en el expediente del TPI. Por su parte, el 19 de octubre de 2023, el apelante presentó su oposición a la desestimación. En esta sostuvo que dichos documentos fueron anunciados en el Informe sobre *Conferencia Preliminar entre Abogados*.

El 19 de octubre de 2023, emitimos una *Resolución* en la cual ordenamos el desglose de los apéndices cinco, siete, ocho y nueve del apéndice del apelante. Asimismo, le concedimos a la parte apelada hasta el 30 de octubre de 2023 para que presentara un proyecto de transcripción de la prueba oral, toda vez que el apelante no realizó dicha gestión.[6] **Transcurrido el término para ello, la parte apelada no presentó un proyecto de transcripción de la prueba oral.** Finalmente, le concedimos al Municipio hasta el 10 de noviembre de 2023 para que presentara su oposición al recurso. Oportunamente, el Municipio presentó su *Alegato en Oposición a Recurso de Apelación* y negó que el TPI cometiera los errores que OPAPI le imputo.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**-A-**

El Tribunal Supremo de Puerto Rico ha puntualizado reiteradamente que los tribunales apelativos no deben intervenir con la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de hechos de los tribunales de primera instancia. *Dávila Nieves v. Melendez Marín,* 187 DPR 750, 770-771 (2013). En consideración a lo anterior, los tribunales apelativos deben brindarle gran deferencia al juzgador de los hechos, pues éste se encuentra en mejor posición para evaluar la credibilidad de un testigo y los conflictos

---

[6] Surge de la oposición a la desestimación que presentó la OPAPI que esta última no presentaría la transcripción de la prueba oral de la vista que se celebró en el presente caso.

de prueba deben ser resueltos por el foro primario. *Rivera Figueroa v. A.A.A.*, 177 DPR 345,356 (2009).

No obstante, aunque el arbitrio del juzgador de los hechos es respetable y merece deferencia, no es absoluto y una apreciación errónea de la prueba no tiene credenciales de inmunidad frente a la función revisora de este Tribunal. *Dávila Nieves v. Melendez Marín,* supra, págs. 771-772. Si un análisis integral de la prueba refleja que las conclusiones del TPI están en conflicto con el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida, éste ha cometido un error manifiesto. Íd, pág. 772. Por tanto, en vista de dicha función revisora, este Tribunal -por vía de excepción- puede intervenir con la apreciación de la prueba que ha hecho el TPI cuando existe error manifiesto, prejuicio, parcialidad o pasión por parte del juzgador de los hechos. *Pueblo v. Irizarry,* 156 DPR 780, 788-789 (2002). Concerniente a la prueba documental, se exceptúa la regla de deferencia a las determinaciones de hechos que se apoyan exclusivamente en prueba documental o pericial, ya que los tribunales apelativos están en idéntica posición que el TPI al examinar ese tipo de prueba. *González Hernández v. González Hernández*, 181 DPR 746,777 (2011).

**-B-**

La Regla 19 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, dispone, en lo pertinente, que **"[c]uando la parte apelante haya señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de ésta por parte del tribunal apelado, someterá una transcripción, una exposición estipulada o una exposición narrativa de la prueba".** (Énfasis nuestro). Por otro lado, la Regla 76 del Reglamento del Tribunal de Apelaciones, *supra,* establece lo siguiente:

> (A) Transcripción de la prueba oral en recursos de apelación y de certiorari
>
> Una parte en una apelación o en un recurso de *certiorari* ante el Tribunal de Apelaciones notificará al Tribunal de Apelaciones no más tarde de diez días desde que se presentó el escrito de apelación o se

notificó la expedición del auto solicitado, que se propone transcribir la prueba oral. En esa moción, la parte proponente expresará las razones por las cuales considera que la transcripción es indispensable y que propicia mayor celeridad en los procesos que la presentación de una exposición estipulada o una exposición narrativa. En todo caso, la parte proponente identificará en la moción las porciones pertinentes del récord ante el Tribunal de Primera Instancia cuya transcripción interesa, incluyendo la fecha del testimonio y los nombres de los testigos.

(B) Transcripción por transcriptor privado autorizado o transcriptora privada autorizada

Autorizada la transcripción, su proponente podrá solicitar al Tribunal de Primera Instancia la regrabación de los procedimientos. La moción a esos efectos será presentada dentro de los diez días siguientes a la notificación de la orden del Tribunal de Apelaciones.

[...]

En cuanto a los términos para presentar las exposiciones narrativas, la Regla 76.1 del Reglamento del Tribunal de Apelaciones, *supra*, establece que:

(A) Exposición estipulada en los recursos de apelación y de *certiorari*

(1) Dentro de los diez días de haberse notificado el escrito de apelación o la expedición del auto de *certiorari,* la parte apelante o peticionaria deberá notificar al Fiscal de Distrito, la Fiscal de Distrito o a la parte apelada que se propone presentar una exposición narrativa estipulada.

(2) Dentro de los treinta días siguientes a la presentación de la apelación, la parte apelante o peticionaria preparará y someterá al Tribunal de Apelaciones un proyecto de exposición narrativa de la prueba oral pertinente al recurso. Notificará copia del proyecto de exposición narrativa a la parte apelada, al Fiscal de Distrito o a la Fiscal de Distrito, según sea el caso.

[...]

Al respecto, en *Hernández v. San Lorenzo Const.*, 153 DPR 405, 425 (2001), el Tribunal Supremo explicó que, debido a que las determinaciones de hecho que hace el Tribunal de Primera Instancia merecen deferencia, por la oportunidad que tuvo el juzgador de los hechos de observar y escuchar a los testigos, la intervención del foro apelativo con esa prueba tiene que estar basada en un análisis independiente de la prueba desfilada y no a base de los hechos que exponen las partes.

Ante la ausencia de la prueba oral, los foros revisores no cuentan con los elementos necesarios para descartar la apreciación razonada y fundamentada de la prueba que realizó el Tribunal de Primera Instancia. *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 289-290 (2011).

**III.**

En este caso, OPAPI nos solicitó la revisión de la *Sentencia* que se dictó y notificó el 18 de agosto de 2023. Específicamente, en su primer señalamiento de error, planteó que el TPI incidió al concluir que, **según la prueba desfilada en la vista en su fondo**, no surgía alguna acción clara y especifica dirigida a desarrollar el proyecto Torre Dorada. Específicamente, en su dictamen, el foro primario concluyó:

> **La prueba desfilada durante la vista en su fondo,** estableció a satisfacción del tribunal que luego de más de una década (12 años aproximadamente), el terreno cedido por el Municipio a la OPAPI, **no ha sido dedicado a los fines y propósitos establecidos en la Resolución Núm. 6 serie 2010–2011 y en la Escritura Núm. 2 del 2011.** Peor aún, **de la prueba desfilada en la vista en su fondo**, **no surge ninguna acción clara y específica de la parte demandada dirigida a desarrollar el proyecto**, con anterioridad a la presentación del caso de autos.[7] (Énfasis nuestro)

Igualmente, en su segundo señalamiento de error, el apelante sostuvo que el TPI erró al determinar que la OPAPI no contaba con los recursos financieros necesarios para la realización del mencionado proyecto. En tal sentido, el TPI en su dictamen determinó lo siguiente: "[d]e hecho, **de la prueba desfilada durante la vista en su fondo**, quedó claramente establecido que a esta fecha la parte demandada no cuenta con los recursos financieros para la realización del proyecto".[8] (Énfasis suplido)

Finalmente, en su tercer señalamiento de error, arguyó que el TPI erró al concluir que el Municipio no actuó de forma ilegal al desarrollar un parque de patinaje en el terreno que se le cedió a la OPAPI. En cuanto a este asunto, el TPI concluyó lo que sigue:

---

[7] Véase, Apéndice 1 del *Recurso de Apelación*, pág. 10-11.
[8] Íd., pág. 11.

De igual forma, la reconvención presentada por la parte demandante, se declara sin lugar. **De la prueba desfilada en sala, OPAPI no presentó prueba alguna que nos permita concluir que el Municipio haya actuado de forma ilegal al desarrollar el proyecto del parque de patinaje**. Tampoco podemos concluir que el haber ocupado un área de 410 pies de largo por 115 pies de ancho, le causara daño alguno a la parte demandada. La prueba no sustenta tal contención. **Por el contrario, la prueba desfilada** establece que la ocupación de dicho predio de terreno se dio con la anuencia escrita de la parte demandada.[9] (Énfasis suplido).

Es de notar que los tres señalamientos de error formulados por la parte apelante versan sobre la apreciación de la prueba presentada en el juicio, **la cual fue tanto documental como testifical**. **A pesar de ello, ni la parte apelante ni la apelada nos presentó la transcripción de la prueba oral requerida para ponernos en posición de revisar la *Sentencia* apelada**. Sabido es que, cuando los señalamientos de error están relacionados con la apreciación de la prueba oral, nuestro reglamento requiere que la parte apelante presente la correspondiente transcripción para que podamos contar con los elementos necesarios para evaluar la apreciación razonada y fundamentada de la prueba que realizó el TPI. Sin ello, nos encontramos forzados a brindarle gran deferencia a las determinaciones de hechos que formuló el TPI basada en la prueba que tuvo ante su consideración.

Sin embargo, reconocemos que, como parte de nuestra función revisora, este Tribunal puede intervenir con las conclusiones del TPI cuando existe error manifestó, perjuicio, parcialidad o pasión. *Pueblo v. Irizarry,* supra, págs. 788-789. Además, estamos conscientes que estamos en la misma posición que el TPI para evaluar la prueba documental que surja del expediente. *González Hernández v. González Hernández,* supra, pág. 777. Evaluada minuciosamente la prueba documental que obra del expediente, resolvemos no existe error manifiesto, prejuicio, parcialidad o pasión en las conclusiones que realizó el juzgador de los hechos por lo que no vamos a intervenir con la apreciación de la prueba y con las determinaciones de hechos que

---

[9] Íd.

formuló el TPI. Ante tales circunstancias, resolvemos que no se cometieron los errores señalados. Por lo tanto, confirmamos el dictamen apelado.

**IV.**

Por los fundamentos antes expuestos, ***confirmamos*** la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
