El Pueblo de Puerto Rico, demandante y peticionario, *v.* Edgar I. Calderón Hernández, demandado y recurrido.

*Número:* CC-97-491    *Resuelto:* 29 de mayo de 1998

*Carlos Lugo Fiol, Procurador General,* y *María Adaljisa Dávila, Procuradora General Auxiliar,* abogados de El Pueblo, peticionario; *Ramón Delgado Rodríguez,* abogado del recurrido.

## I

PER CURIAM: Edgar I. Calderón Hernández fue acusado por cuatro (4) cargos de asesinato en primer grado, tres (3) cargos de secuestro agravado, varias infracciones a la Ley de Armas de Puerto Rico y violación a la Ley de Protección de Vehículos. Durante el juicio, el Ministerio Público presentó el testimonio del Sr. César Escobar Vázquez, quien

alegadamente hizo unas declaraciones que involucraban al acusado y a su abogado, Lcdo. Ramón Delgado Rodríguez, en la comisión de delitos anteriores relacionados con el trasiego de drogas. El acusado, Calderón Hernández, objetó la admisión de dicha prueba por ser impertinente y de escaso valor probatorio ante el perjuicio que podría ocasionarle, de ser oída por el Jurado. Dicha prueba, inicialmente escuchada por el juez en ausencia del Jurado, fue posteriormente admitida.[1]

Culminados los procedimientos en el Tribunal de Primera Instancia, el Jurado rindió un veredicto de culpabilidad y se dictó la sentencia. Inconforme, Calderón Hernández apeló al Tribunal de Circuito de Apelaciones y formuló veintiséis (26) errores. El 3 de junio de 1997 dicho foro apelativo emitió una resolución (Hons. Brau Ramírez, Pesante Martínez y Rivera Pérez, Jueces), en la cual concedió treinta (30) días al Procurador General para que compareciera y sometiera un alegato en el que se expresara *solamente* en cuanto a los señalamientos de error "C al G" —relacionados con la admisión de prueba de anteriores actos delictivos del acusado en los cuales en su comisión se involucraba a su abogado.

El referido foro apelativo entendió que procedía atender, en primer lugar, los errores así especificados, pues de prevalecer Calderón Hernández, los demás se tornarían académicos.

El 16 de julio el Procurador General expuso las dificultades de cumplir con el tribunal, pues no tenía el alegato del apelante en el que se argumentaban los errores invoca-

---

[1] Calderón Hernández intentó revisar *ese dictamen* en el Tribunal de Circuito de Apelaciones (Núm. KLCE97-00089). Su primer recurso fue desestimado por no acompañar los documentos esenciales para su evaluación.

Posteriormente presentó un segundo recurso (Núm. KLCE97-00107) en el cual se corrigieron muchos de los defectos mencionados. En esa ocasión, dicho foro se negó a intervenir en esa etapa de los procedimientos; la Hon. Juez Pesante Martínez disintió.

Este último dictamen fue objeto de revisión ante este Foro y el recurso instado declarado no ha lugar.

dos en el escrito de apelación; *no había una exposición narrativa de la prueba*; tampoco contaba con los fundamentos del juez de instancia para admitir la evidencia en cuestión y negarse a disolver el Jurado y relevar al abogado de la representación legal del apelante. Aun así el Tribunal de Circuito de Apelaciones reiteró su dictamen y aclaró que el Pueblo debía formular su posición, *haciendo referencia a la exposición de los hechos y argumentos previamente presentados por Calderón Hernández en sus recursos de "certiorari" anteriores*. De no estar de acuerdo con la versión presentada por Calderón Hernández, el Procurador General debía examinar e indicar al tribunal en qué aspectos había discrepancia, y dilucidar el conflicto escuchando la grabación de los procedimientos o tomando cualquier otra providencia necesaria.

Por no estar de acuerdo, el Procurador General compareció ante nos. Mediante una orden de mostrar causa, revisamos.(²)

## II

■ Reconocemos que el Tribunal de Circuito de Apelaciones tiene una amplia discreción para implantar los trámites necesarios conducentes a agilizar, en lo posible y sin menoscabar los derechos de las partes, su más pronta adjudicación.

■ En situaciones apropiadas se puede prescindir de determinados trámites. Sin embargo, ante una *apelación*, esa flexibilidad debe ser prudencial. De ordinario, cuando se señalan errores en la apreciación y credibilidad de la prueba y su admisibilidad, el derecho de apelación implica

---

(²) Como único señalamiento discute:

"Erró el Tribunal de Circuito de Apelaciones al implementar en el presente recurso de apelación criminal un procedimiento fragmentado que se aparta de las disposiciones reglamentarias aplicables a los recursos apelativos ante este foro." Petición de *certiorari*, pág. 5.

que sea perfeccionado mediante la preparación de una exposición narrativa de la prueba y los respectivos alegatos de las partes. En el caso que nos ocupa, el trámite abreviado seguido por el Tribunal de Circuito de Apelaciones no la sido el más apropiado, puesto que a largo plazo puede resultar en una demora mayor. Hay que tener presente que su dictamen, basado en un análisis y adjudicación de sólo algunos de los señalamientos de error, está sujeto a la revisión discrecional ante este Foro. De presentarse dicho recurso, estaríamos obligados a examinar los otros recursos de *certiorari* para poseer los elementos de juicio adjudicativos que seas necesarios. Existe la probabilidad de tener que ordenar, *en ese momento*, la exposición narrativa de la prueba y la discusión de todos los errores, en los respectivos escritos.

Lo expuesto nos impide sostener al Tribunal de Circuito de Apelaciones. *Procede expedir el auto y revocar la Resolución de 6 de agosto y, en su lugar, ordenar que se realice el trámite regular conducente a lograr una exposición narrativa de la prueba y que se sometan oportunamente los alegatos, a los fines de evaluar integralmente la apelación interpuesta.*

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Rebollo López concurrió con el resultado sin opinión escrita. El Juez Presidente Señor Andréu García no intervino.