ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO  Apelada  v.  HÉCTOR L. BERRIOS QUINTERO  Apelante | **KLAN202400319** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Aguadilla  Civil Núm. A1CR202300064  Sobre: ART. 246 Código Penal de Puerto Rico |
|---|---|---|

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 4 de octubre de 2024.

Comparece ante este foro el Sr. Héctor Berrios Quintero (señor Berrios o "el apelante"), y nos solicita que revisemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, notificada el 5 de marzo de 2024. Mediante el referido dictamen, el foro primario encontró culpable al apelante por el delito de resistencia u obstrucción a la autoridad pública. En consecuencia, fue sentenciado al pago de $500.00 de multa, y lo eximió del pago de la pena especial.

Por los fundamentos que se exponen a continuación, **CONFIRMAMOS** la *Sentencia* apelada.

## I.

Los hechos delictivos del presente caso ocurrieron el 5 de febrero de 2023 en el Municipio de Aguadilla. Por estos hechos, el Ministerio Público presentó una *Denuncia* contra el apelante, por el delito de resistencia u obstrucción a la autoridad pública, en

violación al Artículo 246 inciso (a) del Código Penal de Puerto Rico de 2012.[1] Específicamente, la denuncia esbozaba:

> El referido imputado el día 5 de febrero de 2023 y en la carr#2 km 117.3 en Aguadilla, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia de Puerto Rico, Sala de Aguadilla, de manera imprudente y negligente, con menosprecio a la seguridad de personas y propiedades, ilegal, voluntaria, maliciosa, a sabiendas y con la intención criminal, violó lo dispuesto en el Art. 246 (A) (Resistencia u Obstrucción a la Autoridad Pública), del Código Penal de Puerto Rico. Consistente dicha violación en que al este ser intervenido por infracción a la ley de tránsito, mientras conducía el vehículo de motor marca NISSAN, Modelo GTR, año 2017, Tablilla (NO TENIA), este obstruyo y dilato la labor del Sgto. Losangel Acevedo Pérez #8-32176, el cual es un funcionario del orden publico en el cumplimiento e las obligaciones de su cargo, consistente en que este al requerirle los documentos se negó entregar sus documentos (licencia de conducir) indicando lo siguiente: soy empleado federal del ejercito de las estados unidos, el carro es de mi trabajo, no necesito tablilla ni marbete. Además, se negó a firmar la citación y las advertencias de ley. SE INTERVINO POR TINTES Y POR NO TENER TABLILLA. HECHO CONTRARIO A LA LEY.

Así pues, celebrada la vista inicial, como la vista preliminar, el foro primario determinó causa probable. Por ello, el juicio en su fondo fue celebrado el 5 de febrero de 2024. Surge de la Transcripción de la Prueba Oral (TPO) que, el testimonio presentado por el Ministerio Público fue el del Sgto. Losangel Acevedo Olivencia, Sargento de la Policía, específicamente de la División de Patrullas de Carreteras de Aguadilla, quien lleva veintiún (21) años en la policía y once (11) en la Unidad de Tránsito.[2] En síntesis, testificó lo siguiente:

---

[1] *Denuncia*, anejo IV, pág. 15 del apéndice del recurso.
[2] Véase, TPO en el apéndice del expediente.

- El día de los alegados hechos, se encontraba supervisando un plan de trabajo en el área de Aguadilla, alrededor de las 7:00 p.m.[3]

- Testificó que se percató que el vehículo Nissan, GTR, tenía tintes oscuros y al pasarle por el lado, el vehículo no tenía tabilla.[4] Por lo que, era motivo fundado para intervenir con el caballero.[5]

- Esbozó que, una vez le dio el alto mediante biombo y sirena,[6] se identificó[7] y le solicitó los documentos de rigor y registro del vehículo. "Éste se torna, eh, agresivo, diríamos, eh, que no me va a entregar los documentos, que él es un empleado militar, que él es un empleado federal, que ese vehículo es de su trabajo…"[8]

- Añadió que, se percató el vehículo no tenía marbete, y al indicarle al apelante, éste le expresó que "ese carro no tiene que tener marbete, que ese carro es de su trabajo".[9]

- Declaró que le indicó al apelante que, aunque fuera un vehículo federal, tenía que tener tablilla, marbete y sus documentos. Sin embargo, que el señor Berríos seguía argumentando que no, que era empleado federal. Sostuvo que estuvieron por más de 10 minutos en esa argumentación, demorando el proceso. Posteriormente, indicó que llegó un compañero (Andrew Rodríguez) en otra patrulla, y le indicó que el apelante no quería entregar los documentos, estaba reacio y lo iba a poner bajo arresto.[10]

- Añadió que, transcurridos más de 15 minutos, le dijo al señor Berríos que se bajara del vehículo, y le indicó que iba a ser puesto bajo arresto, y el vehículo sería llevado al cuartel en grúa. Expresó que, el apelante le informó que el vehículo era de él, y ya no le pertenecía al gobierno federal.[11]

- Estando en el cuartel, el Sgto. Acevedo indicó que le hicieron todos los documentos de rigor, que ya le habían leído las advertencias, pero que al dárselas por escrito no las quiso firmar.[12]

- Añadió que transcurrido casi una hora después alguien imprimió los documentos y los llevaron al Cuartel.[13]

---

[3] TPO, pág. 10, líneas 7-9.
[4] TPO, pág. 10, líneas 14-17.
[5] TPO, pág. 10, línea 19.
[6] TPO, pág. 11, líneas 2-3.
[7] TPO, pág. 11, líneas 11-12.
[8] TPO, pág. 13, líneas 11-13.
[9] TPO, pág. 13, líneas 15-17.
[10] TPO, pág. 15, líneas 11-19.
[11] TPO, págs. 15-16, líneas 15-19, 1-9.
[12] TPO, pág. 17, líneas 7-10.
[13] TPO, pág. 23, líneas 2-19.

- En el contrainterrogatorio, el Sgto. Acevedo adujo que, durante la noche, el señor Berríos le dijo que era militar activo.[14]

- A su vez, admitió que el apelante le indicó que tenía los documentos en digital.[15]

- De igual forma, el Sgto. Acevedo expresó a preguntas del abogado, que no había dado infracción por no tener marbete, ni tener tablilla, ni por evidenciar si el vehículo era o no del apelante.[16]

- El Sgto. Acevedo indicó que el señor Berríos no hizo fuerzas para el arresto, pero sí se resistió.[17] A su vez, como parte del contrainterrogatorio, esbozó que el apelante no le faltó el respeto.[18]

Concluido el desfile de prueba, el 5 de marzo de 2024, el foro primario notificó la *Sentencia* apelada.[19] Mediante la cual, encontró culpable al señor Berríos por el delito de resistencia u obstrucción a la autoridad pública. En consecuencia, fue sentenciado al pago de $500.00 de multa, aunque lo eximió del pago de la pena especial.

Inconforme, el 12 de febrero de 2024, el apelante presentó una *Moción Urgente de Reconsideración*.[20] En esencia, alegó que no cometió el delito de obstrucción a la justicia.

No obstante, el 5 de marzo de 2024, el foro *a quo* notificó la *Resolución*, en la cual determinó que no procedía la solicitud de reconsideración y reiteraba su determinación.[21]

Aún inconforme, el 3 de abril de 2024, el señor Berrios presentó el recurso de epígrafe, mediante el

---

[14] TPO, pág. 28- líneas 3-4.
[15] TPO, pág. 28, líneas 10-18.
[16] TPO, pág. 33, líneas 1-15.
[17] TPO, pág. 35, líneas 1-18.
[18] TPO, pág. 38, líneas 7-9.
[19] *Sentencia*, anejo I, págs. 1-2 del apéndice del recurso
[20] *Moción Urgente de Reconsideración*, anejo III, págs. 8-14 del apéndice del recurso.
[21] *Resolución*, anejo II, págs. 4-7 del apéndice del recurso.

cual adujo que el foro primario cometió los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al condenar al apelante el Sr. Héctor Berrios Quintero, cuando el Ministerio Público no estableció más allá de Duda Razonable todos los elementos del delito.
>
> Erró el juzgador de los hechos al declarar culpable al acusado-apelante habiéndose presentado evidencia insuficiente que no establecía los elementos del delito imputado más allá de duda razonable.

Por su parte, el Pueblo de Puerto Rico, representado por la Oficina del Procurador General de Puerto Rico, el 11 de septiembre de 2024 presentó su alegato en oposición.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

## II.

### -A-

Constituye un principio fundamental que la culpabilidad de todo acusado de delito debe ser probada más allá de duda razonable. Este principio es consustancial con el principio de la presunción de inocencia y del debido proceso de ley, lo cual se deriva de lo consagrado en la Enmienda VI de la Constitución Federal de Estados Unidos, y del Artículo II, Sección 11 de la Constitución de Puerto Rico. Emda. VI, Const. EE. UU., LPRA, Tomo 1, Ed. 2023, pág. 163; Art. II, Sec. 11, Const. ELA, LPRA, Tomo 1, Ed. 2023, pág. 267. Así, el peso de la prueba permanece sobre el Estado durante todas las etapas del proceso a nivel de instancia. *Pueblo v. Rodríguez Pagán*, 182 DPR 239, 258 (2011). En otras palabras, en nuestro sistema de justicia criminal el Ministerio Público tiene la obligación de presentar

suficiente evidencia sobre todos los elementos del delito y su conexión con el acusado a fin de establecer la culpabilidad de este más allá de duda razonable. *Pueblo v. García Colón I*, 182 DPR 129, 174 (2011).

No obstante, la determinación de suficiencia de la prueba, que evidencie la culpabilidad del acusado más allá de duda razonable, es una cuestión de conciencia, producto de todos los elementos de juicio del caso y no meramente una duda especulativa o imaginaria. *Pueblo v. Irizarry*, 156 DPR 780 (2002). Con el fin de explicar este concepto, el Tribunal Supremo ha expresado que:

> [D]uda razonable es aquella duda fundada que surge como producto del raciocinio de todos los elementos de juicio involucrados en el caso. Para que se justifique la absolución de un acusado, la duda razonable debe ser el resultado de la consideración serena justa e imparcial de la totalidad de la evidencia del caso o de la falta de suficiente prueba en apoyo de la acusación. En resumidas cuentas, duda razonable no es otra cosa que la insatisfacción de la conciencia del juzgador con la prueba presentada. *Íd*., pág. 788. (citas omitidas).

**-B-**

En lo que respecta al caso, se ha expresado que la determinación que hizo el juzgador de los hechos de la culpabilidad del acusado más allá de duda razonable es revisable en apelación por tratarse de un asunto tanto de hecho como de derecho. *Pueblo v. Rodríguez Pagán*, 182 DPR 239, 259 (2011). No obstante, dado que le corresponde al jurado o, en su defecto, al juez dirimir los conflictos de prueba, no es aconsejable intervenir en tales determinaciones, en ausencia de pasión, prejuicio, parcialidad o error manifiesto. *Íd*. Por lo tanto, la determinación de culpabilidad que hace el juzgador de los hechos a nivel de instancia ya sea en un

juicio por jurado o por tribunal de derecho, es merecedora de una gran deferencia por parte del tribunal apelativo. *Íd.*

Es decir, la presunción de corrección que acompañan las actuaciones de los tribunales de instancia le compete al apelante la obligación de demostrar lo contrario. *Pueblo v. Prieto Maysonet*, 103 DPR 102, 107 (1974). Para ello, es necesario señalar el error y fundamentarlo en cuanto a los hechos y la fuente del derecho que la sustentan; de esa forma, podrá el foro apelativo estar en posición de atender los reclamos que allí se plantean. De ahí, la importancia de la reproducción de la prueba oral, ya que, sin ella los foros apelativos están impedidos de descartar la apreciación de la prueba que realizó el tribunal de instancia. *Pueblo v. Calderón Hernández*, 145 DPR 603, 605-606 (1998).

-C-

En lo concerniente a este caso, el Artículo 246 del Código Penal de Puerto Rico de 2012, 33 LPRA sec. 5336(a) en su inciso (a) dispone lo siguiente:

> Constituirá delito menos grave la resistencia u obstrucción al ejercicio de la autoridad pública a propósito o con conocimiento en cualquiera de las siguientes circunstancias:
>
> (a) Impedir a cualquier funcionario o empleado público en el cumplimiento o al tratar de cumplir alguna de las obligaciones de su cargo.

Para que se configure el delito, el funcionario o empleado público tiene que estar ejerciendo un acto lícito y propio de su cargo, siendo suficiente que la persona desobedezca una orden lícita de un funcionario

o se oponga a ella para que se considere una resistencia. *Pueblo v. Ortiz Díaz*, 123 DPR 865, 873 (1989).

Por último, el Artículo 10.22 de la Ley Núm. 22-2000, conocida como la Ley de Vehículos y Tránsito de Puerto Rico, *supra*, establece la obligación del conductor de detenerse e identificarse ante el requerimiento de la autoridad de agentes del orden público, en lo pertinente, dispone que:

> Todo conductor deberá detenerse inmediatamente cuando un agente del orden público, entendiéndose Policía, Policía Municipal, Policía Portuaria, dentro de las facilidades portuarias, Inspectores de la Comisión de Servicio Público en el caso de vehículos o servicios bajo su jurisdicción, o el Cuerpo de Vigilantes del Departamento de Recursos Naturales y Ambientales, se lo requiriere. Después que se le informe el motivo de la detención y las violaciones de la ley que aparentemente haya cometido, el conductor vendrá obligado igualmente a identificarse con dicho agente si así éste se lo solicitare, y **también deberá mostrarle todos los documentos que de acuerdo con esta Ley y sus reglamentos debe llevar consigo o en el vehículo.**
>
> (…)
>
> Ninguna persona podrá voluntariamente desobedecer o negarse a cumplir una indicación u orden legal que se imparta en la forma dispuesta en este Artículo por un agente del orden público con autoridad legal para dirigir, controlar o regular el tránsito. 9 LPRA sec. 5302. (Énfasis nuestro).

**III.**

En el caso de autos, el señor Berrios formuló dos (2) errores contra el foro primario. En esencia, alega que incidió el foro *a quo* al encontrarlo culpable, cuando el Ministerio Público no estableció más allá de duda razonable los elementos del delito, ni presentó prueba suficiente. Sostiene que, el Sgto. Acevedo una vez lo detuvo no le indicó las razones para detenerlo. A su vez, que el Sgto. Acevedo no quiso ver los documentos de

manera digital que demostraban la legalidad del vehículo. Por ello, reitera que no cometió el delito de obstrucción a la justicia.

Por su parte, el Ministerio Público sostiene que el testimonio del Sgto. Acevedo demostró la culpabilidad del apelante más allá de duda razonable. Indican que, el señor Berríos impidió que el Sgto. Acevedo hiciera su trabajo de verificar los documentos del vehículo que estaba manejando, configurándose el delito tipificado en el Artículo 246 del Código Penal, *supra*.

Cónsono con el derecho antes expuesto, el Artículo 246 inciso (a) del Código Penal de Puerto Rico de 2012, *supra*, establece que comete el delito de resistencia u obstrucción al ejercicio de la autoridad pública todo aquel que (1) a propósito o con conocimiento (2) impida a cualquier funcionario o empleado público en el cumplimiento o al tratar de cumplir alguna de las obligaciones de su cargo.

De otra parte, el Artículo 10.22 de la precitada Ley de Vehículos y Tránsito de Puerto Rico, *supra*, consigna que el conductor tiene el deber de detenerse inmediatamente ante el requerimiento de un policía y, luego de informarle el motivo de la detención y la violación de ley, el conductor viene obligado a identificarse con dicho policía cuando así le fuere solicitado; y además, deberá mostrarle todos los documentos que debe llevar consigo o en el vehículo, en este caso, la licencia de conducir y la registración del automóvil. Lo antes establecido debe contextualizarse con el párrafo final del referido Artículo 10.22, al disponer que ninguna persona podrá voluntariamente desobedecer o negarse a cumplir una indicación u orden

legal que se imparta por un agente del orden público con autoridad legal para controlar el tránsito. El citado Artículo obliga al conductor a obedecer las indicaciones u órdenes legales impartidas por la policía con el propósito de que se cumpla la *Ley de Vehículos y Tránsito de Puerto Rico*.

En el caso de autos, el señor Berríos argumenta que tenía los documentos de forma digital y que fue el Sgto. Acevedo quien se negó a revisarlos. No obstante, según surge de la TPO, el Sgto. Acevedo una vez detiene al señor Berríos por tintes, y no llevar tablilla el vehículo, le solicitó los documentos requeridos. Sin embargo, el apelante no se los entregó en el momento de la detención, sino que indicó que era empleado federal y que el vehículo era de su trabajo. Ante la negativa del apelante y luego un tiempo, el Sgto. Acevedo le indicó al señor Berríos que lo iba a poner bajo arresto. Estando en el cuartel y luego de casi una hora, le hicieron entrega de los documentos del vehículo.

Nótese, que la prueba antes esbozada, no justifica la negatividad y tardanza en entregar los documentos solicitados por el Sargento. A su vez, la orden dada al apelante era legal, razón por la cual, incumplió con su deber de entregarle al Sgto. Acevedo los documentos de rigor. Así pues, se constituyó una obstrucción al ejercicio de la autoridad pública en violación al Artículo 246 inciso (a) del Código Penal de Puerto Rico de 2012, *supra*.

Como consecuencia, la decisión emitida por el foro primario resulta razonable, por lo que, en ausencia de pasión, prejuicio, parcialidad o error manifiesto, procedemos a confirmar la *Sentencia* apelada.

**IV.**

Por los fundamentos antes expuestos, **CONFIRMAMOS** la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones