Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| CARLOS JUAN RALAT AVILÉS<br><br>Apelante<br><br>v.<br><br>RIDEMAR DEVELOPERS, INC., POR CONDUCTO DE SU PRESIDENTE LUIS MARTÍ AVILÉS, ASEGURADORA X, JOHN DOE<br><br>Apelados | KLAN202400810 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.:<br>MZ2019CV01716<br>(Salón 206)<br><br>Sobre:<br>Cobro de Dinero Ordinario y otros |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de octubre de 2024.

Comparece el señor Carlos Juan Ralat Avilés (señor Ralat Avilés o apelante), el cual solicita la revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, el 30 de julio de 2024 y notificada el 1 de agosto del mismo año (TPI o foro apelado). Mediante el referido dictamen, el foro apelado declaró *Ha Lugar* la solicitud de desestimación por insuficiencia de la prueba presentada por Ridemar Developers Inc. (Ridemar o apelada), al amparo de la Regla 39.2 (c) de Procedimiento Civil (*non suit)* y, por consiguiente, desestimó la *Demanda* presentada por el apelante[1].

Por los fundamentos que expondremos a continuación, se confirma la Sentencia apelada.

---

[1] 32 LPRA Ap. V, R. 39.2 (c); Véase, Apéndice VIII del recurso de *Apelación*, págs. 47-78.

Número Identificador

SEN2024_____

**I.**

Conforme al expediente ante nuestra consideración, el caso ante nos dio inicio el 30 de septiembre de 2019, cuando el señor Ralat Avilés interpuso una *Demanda* sobre incumplimiento de contrato y cobro de dinero en contra de Ridemar, por conducto de su presidente, Luis Martí Avilés; y otras partes identificadas con nombres ficticios[2]. En síntesis, el apelante, quien es arquitecto, alegó que el 30 de junio de 2001, suscribió un contrato con Ridemar mediante el cual acordaron que realizaría el diseño preliminar y final de los planos, gestionaría la obtención de los endosos y permisos de las agencias pertinentes, y la documentación de construcción del proyecto Paseos Joyuda. A cambio de sus servicios por los trabajos antes mencionados, el señor Ralat Avilés recibiría la cantidad de trescientos veinticinco mil dólares ($325,000.00) y adquiriría un apartamento en dicho proyecto por la suma de $225,000.00. Reclamó que, de la cantidad acordada, la apelada aún le adeuda la suma de doscientos setenta mil dólares ($270,000.00).

Con posterioridad, el 28 de abril de 2021, el apelante presentó una *Demanda Enmendada*[3]. En respuesta, Ridemar compareció el 4 de mayo de 2021, mediante *Contestación a la Demanda y Reconvención*[4]. Subsiguientemente, el señor Ralat Avilés presentó ante el foro *a quo,* su *Contestación a Reconvención* con fecha 20 de mayo de 2021[5].

Tras varios incidentes procesales, el 23 de abril de 2024, se celebró la Conferencia con Antelación al Juicio, respecto a la cual, el foro primario emitió una *Minuta Resolución* transcrita el 3 de mayo de 2024 y notificada el 6 de mayo de 2024[6]. En la misma, se hizo

---

[2] Véase, Apéndice I del recurso de *Apelación*, págs. 1-6.
[3] Véase, Apéndice II del recurso de *Apelación*, págs. 7-11.
[4] Véase, Apéndice III del recurso de *Apelación*, págs. 12-16.
[5] Véase, Apéndice IV del recurso de *Apelación*, págs. 17-19.
[6] Véase, Apéndice VII del recurso de *Apelación*, págs. 25-45.

constar una relación particularizada de toda la evidencia y hechos estipulados por las partes y los asuntos discutidos en dicha vista.

El juicio en su fondo se llevó a cabo el día 24 de abril de 2024. Según surge de la *Minuta*, una vez el apelante culminó con su desfile de prueba, el licenciado Esponda Ramos, solicitó en corte abierta la desestimación de la *Demanda*, al amparo de la Regla 39.2 (c) de las de Procedimiento Civil, *supra*, e indicó que, en cuanto a la reconvención, podría hacer un breve interrogatorio[7]. Surge de la *Minuta* del juicio en su fondo que, escuchados los planteamientos de las partes, el foro *a quo* declaró *No Ha Lugar* la *Demanda* y acogió la solicitud de desistimiento voluntario de Ridemar en cuanto a la reconvención[8].

Posteriormente, el 30 de julio de 2024 y notificada el 1 de agosto del mismo año, el TPI dictó *Sentencia*. Mediante el referido dictamen, el foro apelado declaró *Ha Lugar* la solicitud de desestimación por insuficiencia de la prueba presentada por Ridemar, al amparo de la Regla 39.2 (c) de Procedimiento Civil, *supra*, y, por consiguiente, desestimó la *Demanda* presentada por el apelante[9].

Inconforme, el señor Ralat Avilés acude ante nos y le imputa al foro apelado la comisión de los siguientes errores:

> **Primer Error:** Erró el TPI al acoger una Moción de Desestimación contra la prueba (Nonsuit) al amparo de la Regla 39.2 (c) de Procedimiento Civil, sin permitir que la parte demandante se expresara en oposición, violándole al apelante el debido proceso de ley.
>
> **Segundo Error:** El TPI violentó el debido proceso de ley cuando no permitió que la parte demandante se opusiera a una solicitud de desestimación presentada por la demandada.
>
> **Tercer Error:** El TPI erró al acoger una solicitud de desestimación cuando se presentó extensa evidencia sobre los trabajos extras, -no contemplados en el contrato original- que el demandante realizó y facturó sin que ello fuera refutado por la parte demandada.

---

[7] Véase, Apéndice VI del recurso de *Apelación*, pág. 21.
[8] *Íd.*
[9] Véase, Apéndice VIII del recurso de *Apelación*, pág. 78.

Por su parte, el 8 de octubre de 2024, la apelada compareció mediante escrito intitulado *Alegato Parte Apelada*, luego de que emitiéramos *Resolución* el 4 de octubre de 2024 concediéndole un breve término adicional para que presentara su alegato en oposición.

Con el beneficio de la comparecencia de ambas partes litigantes, procedemos a resolver.

**II.**

En lo pertinente a la controversia que nos ocupa, la Regla 19 del Reglamento del Tribunal de Apelaciones[10], establece todo lo relacionado a la reproducción de la prueba oral ofrecida en apelaciones civiles. La aludida regla dispone lo siguiente:

Regla 19 — Reproducción de la prueba oral

(A) Cuando la parte apelante haya señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de ésta por parte del tribunal apelado, someterá una transcripción, una exposición estipulada o una exposición narrativa de la prueba.
(B) La parte apelante deberá acreditar, dentro del término de diez días siguientes a la presentación de la apelación, que el método de reproducción de la prueba oral que utilizará es el que propicia la más rápida dilucidación del caso, pudiendo el tribunal determinar el método que alcance esos propósitos.

Por otra parte, en lo relacionado a la transcripción de la prueba oral en los recursos de apelación y de *certiorari* ante el foro apelativo intermedio, la Regla 76 (A) del Reglamento del Tribunal de Apelaciones[11], dispone, en lo pertinente, que:

[u]na parte en una apelación o en un recurso de *certiorari* ante el Tribunal de Apelaciones notificará al Tribunal de Apelaciones no más tarde de diez días desde que se presentó el escrito de apelación o se notificó la expedición del auto solicitado, que se propone transcribir la prueba oral. En esa moción, la parte proponente expresará las razones por las cuales considera que la transcripción es indispensable y que propicia mayor celeridad en los procesos que la presentación de una exposición estipulada o una exposición narrativa. En todo caso, la parte proponente identificará en la moción las porciones pertinentes del récord ante el Tribunal de Primera Instancia cuya transcripción interesa, incluyendo la fecha del testimonio y los nombres de los testigos.

---

[10] 4 LPRA Ap. XX-B, R. 29.
[11] 4 LPRA Ap. XXII-B, R. 76 (A).

Por último, en su inciso (B), la referida disposición legal establece que:

[a]utorizada la transcripción, su proponente podrá solicitar al Tribunal de Primera Instancia la regrabación de los procedimientos. La moción a esos efectos será presentada dentro de los diez días siguientes a la notificación de la orden del Tribunal de Apelaciones[12].
[...].

Sobre lo anterior, en *Pueblo v. Valentín Rivera,* 197 DPR 636, 640-641 (2017), nuestro Tribunal Supremo manifestó que:

[...] de la normativa expuesta se desprende que la parte que recurre ante el Tribunal de Apelaciones y señala errores en cuanto a la apreciación de la prueba debe: (1) someter transcripción, una exposición estipulada o una exposición narrativa de la prueba oral presentada ante el Tribunal de Primera Instancia, y (2) dentro de los diez días siguientes a la presentación del recurso, presentar una moción en la que explique cuál es el mecanismo de reproducción de la prueba que ha de utilizar y los motivos por los cuales éste es el más apropiado. Además, a tenor con la Regla 76(A) del Reglamento del Tribunal de Apelaciones, *supra,* se requiere que, dentro de esos mismos diez días, la parte apelante indique cuáles son las porciones pertinentes del récord que interesa reproducir, incluso la fecha de los testimonios y los nombres de los testigos. Es así, y solo así, que el recurso queda perfeccionado de forma tal que el foro apelativo intermedio- en este tipo de caso- quede en posición de adjudicar en los méritos las controversias planteadas ante sí.

### III.

En el presente caso, el señor Ralat Avilés pretende que intervengamos con la credibilidad y el valor que le mereció al juzgador de los hechos la prueba presentada durante el juicio en su fondo. El apelante, en esencia, señaló errores relacionados a la apreciación de la prueba por parte del foro sentenciador. En específico, arguyó que: no se le dio oportunidad de exponer su oposición a la solicitud de desestimación presentada por la apelada; que Ridemar no presentó evidencia objetiva y testifical para refutar la prueba presentada por su parte; y que el TPI estaba impedido de disponer del caso obviando el hecho que existía evidencia que sostenía la causa de acción presentada por él[13].

---

[12] 4 LPRA Ap. XXII-B, R. 76 (B).
[13] Véase, recurso de *Apelación,* págs. 4, 8 y 9.

Sin embargo, contrario a lo dispuesto en las disposiciones legales y reglamentarias que regulan los procesos ante este foro apelativo, el señor Ralat Avilés no incluyó -ni solicitó prórroga para presentar- una transcripción, una exposición estipulada o una exposición narrativa de la prueba oral desfilada ante el foro apelado. Así las cosas, lo único que tenemos ante nos para evaluar las circunstancias de este caso, es lo siguiente: *Minuta, Minuta Resolución* y la *Sentencia* emitida por el TPI.

Surge de la Sentencia apelada que, el TPI tenía ante su consideración sesenta y ocho (68) documentos estipulados y, de dicha documentación estipulada, se alcanzaron sesenta y cuatro (64) hechos estipulados. El TPI procedió a escuchar la prueba testifical, a la cual no le mereció credibilidad al encontrar el testimonio vago y contradictorio[14]. Una vez el apelante terminó la presentación de la prueba con la que contaba para probar su causa de acción, Ridemar procedió a utilizar el mecanismo que provee la Regal 39.2 (c) de Procedimiento Civil[15]. El TPI, por entender que la prueba presentada por el señor Ralat Avilés era insuficiente por sí misma para satisfacer los requisitos de sus causas de acción, declaró la misma *Ha Lugar*. Oportunamente, el apelante objetó la concesión de la Regla 39. 2 (c) y el TPI permitió argumentación en contrario. Así las cosas, escuchada la argumentación del señor Ralat Avilés, el TPI se reafirmó en su determinación y declaró *Ha Lugar* la solicitud de desestimación.

---

[14] Véase, recurso de *Apelación*, págs. 47-79.

[15] 32 LPRA Ap. V, R. 39.2 c: Después que la parte demandante haya terminado la presentación de su prueba, la parte demandada, sin renunciar al derecho de ofrecer prueba en caso de que la moción sea declarada "sin lugar", podrá solicitar la desestimación fundándose en que bajo los hechos hasta ese momento probados y la ley, la parte demandante no tiene derecho a la concesión de remedio alguno. El tribunal podrá entonces determinar los hechos y dictar sentencia contra la parte demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada. A menos que el tribunal en su orden de desestimación lo disponga de otro modo, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos.

Es menester puntualizar que, en el caso de autos, el apelante no colocó a este foro intermedio en posición de poder atender la controversia ante su consideración y, por ende, poder determinar si, en efecto, se cometieron los errores señalados. Ello nos impide evaluar si el TPI erró en la apreciación de la prueba, particularmente, sobre la credibilidad que le mereció al juzgador de los hechos la prueba presentada por el señor Ralat Avilés.

Como es conocido, en nuestro ordenamiento jurídico, y particularmente en este tipo de casos, le otorgamos un alto grado de deferencia al foro sentenciador. Esto, debido a que estuvo en mejor posición para aquilatar la evidencia testifical presentada, pues tuvo la oportunidad de oír y ver de forma directa la prueba[16]. Es por eso que, de ordinario, cuando se señalan errores relacionados a la apreciación de la prueba, como en el caso de marras, se exige que el recurso sea perfeccionado mediante alguno de los mecanismos de reproducción de la prueba oral presentada ante el TPI[17]. Lo anterior no sucedió en el presente caso y no era un requisito reglamentario que este foro apelativo se lo recordara al apelante. El Reglamento del Tribunal de Apelaciones es, en extremo, claro sobre ese particular.

Como adelantamos, la argumentación del señor Ralat Avilés se elaboró sobre una prueba que no ha sido reproducida debidamente ante este foro. Ello, a pesar de que se pretende cuestionar la apreciación de la prueba realizada por la Juez de Instancia. Precisamente, porque la *Apelación* guarda relación con la apreciación de la prueba, le correspondía al apelante ponernos en condiciones de evaluar sus señalamientos de error. El Tribunal de Apelaciones no puede pasar juicio sobre la apreciación de la prueba del TPI si la prueba oral no fue debidamente reproducida.

---

[16] Véase, *Pueblo v. García Colón I*, 182 DPR 129 (2011).
[17] *Hernández v. San Lorenzo Const.*, 153 DPR 405, 411–422 (2001).

La imposibilidad de evaluar y revisar la prueba testifical presentada en el juicio en su fondo, no nos permite intervenir con la adjudicación de credibilidad del tribunal sentenciador que vio y escuchó la prueba de primera mano. Ante ese escenario, estamos obligados a respetar la norma de la deferencia que cobija las decisiones del TPI.

**IV.**

Por los fundamentos antes expresados, se confirma la *Sentencia* emitida por el Tribunal de Primera Instancia.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones