Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| EL PUEBLO DE PUERTO RICO<br><br>*Recurrido*<br><br>v.<br><br>REINALDO JOSÉ GONZÁLEZ RODRÍGUEZ<br><br>*Peticionario* | KLCE202400958 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso Núm.:<br>B LE2023G0114<br>B LE2023G0115<br><br>Sobre:<br>Tent Art. 3.1 Ley 54 Violencia Doméstica (2 cargos) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de noviembre de 2024.

El señor Reinaldo José González Rodríguez (señor González Rodríguez o peticionario), presentó el presente recurso el 5 de septiembre de 2024. En este, solicitó que revoquemos la *Resolución* emitida el 6 de agosto de 2024 y notificada el 22 del mismo mes y año[1], por el Tribunal de Primera Instancia, Sala Superior de Aibonito (TPI o foro recurrido). Mediante esta, el foro recurrido revocó la *Resolución* del 28 de noviembre de 2023, donde se le concedió al peticionario los beneficios del régimen de libertad a prueba, sujeto a que participara en un programa de reeducación y readiestramiento para personas que incurrieron en conducta maltratante en la relación de pareja por el término de un (1) año prorrogable a (3) tres años, bajo ciertas condiciones[2].

Evaluada la solicitud de *certiorari* instada y la oposición presentada por el recurrido, así como los documentos que obran en autos, este Tribunal deniega el recurso de *certiorari* solicitado.

---

[1] Véase, Apéndice 2 del recurso de *Certiorari*, pág. 7.
[2] Véase, Apéndice 5 del recurso de *Certiorari*, pág. 13.

Número Identificador

RES2024_____

**I.**

La controversia planteada en el recurso de *certiorari* tuvo su origen para el 19 de junio de 2023, cuando el Pueblo de Puerto Rico (PPR o recurrido) presentó dos *Denuncias*[3] contra el señor González Rodríguez, por haber infringido el Artículo 3.1 de la Ley 54 de 15 de agosto de 1989, mejor conocida como la "Ley para la Prevención e Intervención con la Violencia Doméstica" (Ley Núm 54)[4], contra la señora Alondra Nicole Ortiz Rivera (señora Ortiz Rivera). Habiéndose determinado en Vista Preliminar causa para acusar al señor González Rodríguez por ambos cargos, el 30 de junio de 2023, el Ministerio Público formuló las acusaciones[5]. Una vez se les dio lectura a las acusaciones, se señaló el juicio en su fondo.

Allá para el 8 de agosto de 2023, el peticionario convino con el Ministerio Público una alegación pre-acordada, en la cual hizo alegación de culpabilidad en ambos cargos, en grado de tentativa.

Luego de referir al señor González Rodríguez al programa de desvío, conforme al Artículo 3.6 de la Ley Núm. 54[6], *supra*, el TPI dictó una *Resolución* concediéndole al peticionario los beneficios del régimen de libertad a prueba, sujeto a que participara en un programa de reeducación y readiestramiento para personas que incurrieron en conducta maltratante en la relación de pareja por un término de un (1) año prorrogable a (3) tres años, bajo ciertas condiciones[7]. En lo pertinente a la controversia de epígrafe, el TPI estableció las siguientes condiciones especiales:

> 2. No podrá intervenir con la perjudicada en el caso, ni sus familiares, bajo ningún concepto, incluyendo llamadas, mensajes o redes sociales.
>
> 4. Será sometido a pruebas toxicológicas sin previo aviso para detectar el uso de sustancias controladas. Las mismas podrían ser colectadas en la oficina o mediante referido de laboratorios privados que deberán ser costeadas por el

---

[3] Véase, Apéndice 3 del recurso de *Certiorari*, pág. 9-10.
[4] 8 LPRA sec. 631.
[5] Véase, Apéndice 4 del recurso de *Certiorari*, pág. 11.
[6] 8 LPRA sec. 636.
[7] Véase, Apéndice 5 del recurso de *Certiorari*, pág. 13.

investigado, de arrojar positivo a sustancias controladas será referido a evaluación en el área de adicción.

6. Estará sujeto a supervisión nocturna[8].

Así las cosas, el 20 de junio de 2024, la Técnico Socio Penal Gladys Santiago Berríos (TSP Santiago Berríos) presentó ante el TPI un *Informe de Violación de Condiciones*. En este, la TSP Santiago Berríos adujo, como fundamento para la revocación pretendida, que: (1) el 18 de junio de 2024, recibió información confidencial que indicaba que el señor González Rodríguez se estaba relacionando con la señora Ortiz Rivera; (2) el 15 de junio de 2024, el peticionario acudió a la revelación del sexo del bebé que espera la señora Ortiz Rivera, siendo dicha actividad hasta altas horas de la noche; (3) el 20 de junio de 2024, el señor González Rodríguez acudió a una cita de seguimiento con la TSP Santiago Berríos y aceptó haber estado en la actividad de la revelación del sexo del bebé, donde también habían bebidas alcohólicas.

En consideración con lo anterior, en el *Informe de Violación de Condiciones,* se le imputó al peticionario haber incumplido con las condiciones antes mencionadas, entiéndase, las condiciones especiales dos, cuatro y seis.

El 21 de junio de 2024, la defensa del peticionario solicitó que la Vista Sumaria Inicial se consolidara con la Vista Final de Revocación, la cual había sido señalada para el 27 de junio de 2024. Así pues, el 27 de junio de 2024, se celebró la Vista Final de Revocación en la cual la TSP Santiago Berríos prestó su testimonio. Finalizado el testimonio de la TSP Santiago Berríos, el TPI determinó revocar la probatoria del señor González Rodríguez. Posteriormente, el TPI expresó su dictamen por escrito y el 6 de agosto de 2024[9] emitió una *Resolución,* revocando la probatoria y sentenciando al

---

[8] Véase, *Id.*, pág. 114.
[9] Notificada el 22 de agosto de 2024.

peticionario a dieciocho meses concurrentes de cárcel[10]. En síntesis, el TPI arguyó que el peticionario tuvo una conducta antisocial o reñida con la moral, y que violó las condiciones que se le impusieron en su sentencia[11]. Por lo cual, evaluada la prueba, se determinó que el señor González Rodríguez era incompatible con el propósito de la rehabilitación[12].

Inconforme con la determinación del TPI, el 15 de julio de 2024, el peticionario presentó una *Moción de Reconsideración* en la cual reconoció que la concesión del desvío era un privilegio y que el tribunal tenía discreción para revocarla, pero no de manera absoluta[13]. Asimismo, el señor González Rodríguez argumentó que el privilegio no debió ser revocado, pues en el escenario en que ocurrió el incumplimiento no lo justificaba y habían medios alternos, menos onerosos, para manejar la situación[14]. Igualmente, arguyó que, de la prueba presentada ante el TPI no surgía de manera específica en qué medida había violado las condiciones especiales[15].

En vista de lo anterior, el 24 de julio de 2024, el PPR presentó *Contestación a la Moción de Reconsideración*. El recurrido adujo que por medio del testimonio de la TSP Santiago Berríos se probó que el peticionario violó las condiciones de la probatoria. A esos efectos, el 6 de agosto de 2024, se celebró la Vista de Moción. Una vez se discutió la *Moción de Reconsideración* y las partes expusieron sus argumentos, el TPI concluyó que el Ministerio Público probó el caso mediante preponderancia de la prueba y, por tal razón, denegó la moción.

---

[10] Véase, Apéndice 1 del recurso de *Certiorari*, pág. 6.
[11] *Íd.*
[12] *Íd.*
[13] Véase, Apéndice 7 del recurso de *Certiorari*, pág. 26.
[14] *Íd.*
[15] *Íd.*

Insatisfecho aún, el 5 de septiembre de 2024, el peticionario acudió ante nos mediante el presente recurso y esbozó el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia de Puerto Rico, Sala Superior de Aibonito, al revocar el desvío del que disfrutaba el peticionario, dictar sentencia y ordenar su encarcelamiento, abusando así de su discreción y violentando el objetivo de rehabilitación que el mismo persigue y, con ello, el principio constitucional de la misma naturaleza.

Por su parte, el 30 de septiembre de 2020, el recurrido presentó su alegato en oposición.

Con el beneficio de la comparecencia de ambas partes litigantes, procedemos a resolver.

## II.

### -A-

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil[16] y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones[17]. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[18]. Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso

---

[16] 32 LPRA Ap. V, R. 52.1.
[17] 4 LPRA Ap. XXII-B, R.40.
[18] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).

abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[19].

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia[20]. No obstante, la Regla 52.1, *supra*, faculta nuestra intervención en situaciones determinadas por la norma procesal. En específico establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión[21].
> [...]

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones[22], para dirigir la activación de nuestra jurisdicción discrecional en estos recursos dispone que para expedir un auto de certiorari, este Tribunal debe tomar en consideración los siguientes criterios:

> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

---

[19] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[20] *García v. Padró*, 165 DPR 324, 334-335 (2005); *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 180 (1992).
[21] 32 L.P.R.A. Ap. V, R. 52.1.
[22] 4 LPRA Ap. XXII-B, R. 40.

E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

## -B-

En lo pertinente a la controversia que nos ocupa, la Regla 29 del Reglamento del Tribunal de Apelaciones[23], establece todo lo relacionado a la reproducción de la prueba oral ofrecida en apelaciones y *certiorari* criminales. La regla aludida dispone lo siguiente:

(A) Cuando la parte apelante o peticionaria estime que para resolver una apelación o un recurso de certiorari es necesario que el Tribunal de Apelaciones considere alguna porción de la prueba oral presentada ante el Tribunal de Primera Instancia, someterá, en conformidad con los requerimientos que más adelante se exponen, uno de los documentos siguientes o una combinación de ellos:

(1) transcripción

(2) exposición estipulada

(3) exposición narrativa

(B) La parte apelante o peticionaria deberá, en el término de diez días de la presentación de la Apelación, acreditar que el método de reproducción de la prueba oral que utilizará es el que propicie la más rápida dilucidación del caso, pudiendo el tribunal determinar el método que alcance esos propósitos.

(C) Transcripción, exposición estipulada, exposición narrativa de la prueba La reproducción de la prueba oral mediante transcripción se hará conforme las disposiciones de la Regla 76 y cuando fuere mediante exposición estipulada o exposición narrativa, conforme las disposiciones de la Regla 76.1. *Íd.*

Por otra parte, en lo relacionado a la transcripción de la prueba oral en los recursos de apelación y de *certiorari* ante el foro apelativo intermedio, la Regla 76 (A) del Reglamento del Tribunal de Apelaciones[24], dispone, en lo pertinente, que:

[u]na parte en una apelación o en un recurso de *certiorari* ante el Tribunal de Apelaciones notificará al Tribunal de Apelaciones no más tarde de diez días desde que se presentó el escrito de apelación o se notificó la expedición del auto

---

[23] 4 LPRA Ap. XX-B, R. 29.
[24] 4 LPRA Ap. XXII-B, R. 76 (A).

solicitado que se propone transcribir la prueba oral. En esa moción, la parte proponente expresará las razones por las cuales considera que la transcripción es indispensable y que propicia mayor celeridad en los procesos que la presentación de una exposición estipulada o una exposición narrativa. En todo caso, la parte proponente identificará en la moción las porciones pertinentes del récord ante el Tribunal de Primera Instancia cuya transcripción interesa, incluyendo la fecha del testimonio y los nombres de los testigos.

Por último, en su inciso (B), la referida disposición legal establece que:

[a]utorizada la transcripción, su proponente podrá solicitar al Tribunal de Primera Instancia la regrabación de los procedimientos. La moción a esos efectos será presentada dentro de los diez (10) días siguientes a la notificación de la orden del Tribunal de Apelaciones[25].
[...]

Sobre lo anterior, nuestro Tribunal Supremo manifestó que:

[...] de la normativa expuesta se desprende que la parte que recurre ante el Tribunal de Apelaciones y señala errores en cuanto a la apreciación de la prueba debe: (1) someter transcripción, una exposición estipulada o una exposición narrativa de la prueba oral presentada ante el Tribunal de Primera Instancia, y (2) dentro de los diez días siguientes a la presentación del recurso, presentar una moción en la que explique cuál es el mecanismo de reproducción de la prueba que ha de utilizar y los motivos por los cuales éste es el más apropiado. Además, a tenor con la Regla 76(A) del Reglamento del Tribunal de Apelaciones, *supra*, se requiere que, dentro de esos mismos diez días, la parte apelante indique cuáles son las porciones pertinentes del récord que interesa reproducir, incluso la fecha de los testimonios y los nombres de los testigos. Es así, y solo así, que el recurso queda perfeccionado de forma tal que el foro apelativo intermedio- en este tipo de caso- quede en posición de adjudicar en los méritos las controversias planteadas ante sí[26].

### III.

En el presente caso, el señor González Rodríguez pretende que intervengamos con la credibilidad y el valor que le mereció al juzgador de los hechos la prueba presentada durante la Vista Final de Revocación. Particularmente, el peticionario sostiene que, de la prueba desfilada, en especial, del testimonio de la TSP Santiago Berríos, no surgió de forma alguna lo siguiente:

(1) Cómo el peticionario y la señora Ortiz Rivera restituyeron su relación.

---

[25] 4 LPRA Ap. XXII-B, R. 76 (B).
[26] *Pueblo v. Valentín Rivera*, 197 DPR 636, 640-641 (2017).

(2) Que la restitución de la relación haya sido forzada por el peticionario o rechazada por la señora Ortiz Rivera, ni que en el curso de esta hayan ocurrido incidentes constitutivos de violencia doméstica.

(3) De la prueba no surgió cuándo y quién invitó al peticionario a la actividad de la relevación del sexo del bebé de la señora Ortiz Rivera.

(4) No surgió cómo fue el comportamiento del peticionario en la actividad.

(5) Tampoco surgió si el peticionario ingirió bebidas alcohólicas; y si lo hizo, en qué grado lo hizo.

(6) De la prueba no surgió el horario de la actividad, la hora en la cual el peticionario llegó y la hora en la cual abandonó el lugar[27].

Ahora bien, advertimos que el señor González Rodríguez presenta un problema con su argumentación, y es que, no acompañó junto a su escrito la transcripción de la prueba oral del testimonio de la TSP Santiago Berríos. Lo único que tenemos ante nos para evaluar las circunstancias de este caso, es el resumen de lo testificado por la TSP Santiago Berríos, según plasmado por el foro primario en su dictamen. Vemos pues que, el TPI le mereció entera credibilidad al testimonio de la TSP Santiago Berríos y, por consiguiente, revocó la probatoria del señor González Rodríguez.

Es menester puntualizar que, en el caso de autos, el peticionario no colocó a este foro intermedio en posición de poder atender la controversia ante su consideración y, en consecuencia, poder determinar si en efecto se cometió el error señalado. Ello nos impide evaluar si el TPI erró en la apreciación de la prueba, particularmente, sobre la credibilidad que le mereció al juzgador de hechos al testimonio presentado por el Ministerio Público.

Como es conocido, en nuestro ordenamiento jurídico, y particularmente en este tipo de casos, le otorgamos un alto grado de deferencia al foro sentenciador. Esto, debido a que estuvo en mejor posición para aquilatar la evidencia testifical presentada, pues tuvo

---

[27] Véase, *Petición de Certiorari*, pág. 17.

la oportunidad de oír y ver de forma directa la prueba[28]. Es por eso que, de ordinario, cuando se señalan errores relacionados a la apreciación de la prueba, como en el caso de marras, se exige que el recurso sea perfeccionado mediante alguno de los mecanismos de recopilación de la prueba oral presentada ante el TPI[29]. Lo anterior no sucedió en el presente caso y no era un requisito reglamentario que este foro apelativo se lo recordara a las partes. El Reglamento del Tribunal de Apelaciones es, en extremo, claro sobre ese particular.

Como adelantamos, la argumentación del peticionario se elaboró sobre un testimonio que no ha sido reproducido debidamente ante este foro. Ello, a pesar de que se pretende cuestionar la apreciación de la prueba realizada por el Juez de Instancia. Precisamente, porque la teoría de la petición de *certiorari* guarda relación con la apreciación de prueba, le correspondía al señor González Rodríguez ponernos en condiciones de evaluar su señalamiento de error. El Tribunal de Apelaciones no puede pasar juicio sobre la apreciación de la prueba del TPI si la prueba oral no fue debidamente reproducida.

En virtud de lo anterior, ante la ausencia de la transcripción de la prueba oral y de otra prueba en el expediente que nos motive a intervenir con la determinación del foro primario, resolvemos denegar la expedición del auto solicitado.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari* solicitado.

Notifíquese.

---

[28] Véase, *Pueblo v. García Colón I*, 182 DPR 129 (2011).
[29] *Hernández v. San Lorenzo Const.*, 153 DPR 405, 411–422 (2001).

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El juez Adames Soto concurre con voto escrito.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| EL PUEBLO DE PUERTO RICO<br>Recurrido<br><br><br>v.<br><br><br>REINALDO JOSÉ GONZÁLEZ RODRÍGUEZ<br>Peticionario | KLCE202400958 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso Núm.<br>B LE2023G0114<br>B LE2023G0115<br><br>Sobre:<br>Tent Art. 3.1 Ley 54 Violencia Doméstica (2 cargos) |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

## VOTO CONCURRENTE
## DEL JUEZ NERY E. ADAMES SOTO

Mis respetados compañeros jueces de Panel han decidido denegar la expedición del recurso de *certiorari* presentado por el señor González Rodríguez (peticionario), por causa de que su argumentación descansó en la discusión de una prueba testifical que no reprodujo ante nosotros.

Sobre lo anterior, inicio por señalar que, tal como lo indicó la mayoría de este Panel, el peticionario no incluyó en su recurso de *certiorari* una reproducción de la prueba testifical, a pesar de que el señalamiento de error que alzó requería ponernos en posición de conocer tal prueba. Es decir, la *Resolución* recurrida se basó en la prueba testifical que el Ministerio Público desfiló ante el foro primario para sostener la solicitud de revocación del desvío que disfrutaba el peticionario, cuya revocación este último nos solicita. No obstante, en ausencia de alguno de los medios de reproducción de la prueba testifical,



estamos impedidos de sopesar señalamientos de error que requieran la consideración de dicha prueba. *Pueblo v. Pérez Delgado*, 2023 TSPR 35.

Sin embargo, lo cierto es que la Oficina del Procurador General, en representación del Pueblo, presentó un *Escrito en cumplimiento de orden* ante nosotros, en el que incluyó la grabación de los procesos seguidos ante el TPI en este caso. Por tanto, aunque correspondía al peticionario el proveer tal información, el Procurador General la suplió, poniéndonos en posición de valorar la prueba testifical desfilada.

Por causa de lo anterior, y luego de haber escuchado la grabación de la *Vista final de revocatoria*, he llegado a la conclusión de que, contrario a lo propuesto por el peticionario, no acontecen los elementos que justificarían nuestra intervención con la determinación recurrida, ante la ausencia de abuso de discreción en el curso decisorio elegido por el foro recurrido. Es decir, escudriñado el testimonio dado en sala por la Trabajadora Social a cargo de la supervisión del peticionario, y el correspondiente contrainterrogatorio conducido por la representación legal del peticionario, juzgo que el Ministerio Público contó con prueba suficiente en derecho para sostener la petición de revocación. De igual forma, las determinaciones de hechos recogidas en la *Resolución* recurrida se encuentran perfectamente sostenidas por la prueba testifical desfilada en sala.

En definitiva, y aplicado el criterio revisor que corresponde al asunto, el del abuso de discreción, no he sido persuadido de que el tribunal *a quo* ignorara algún hecho material importante que dilucidar, sino que ejerció su criterio luego de valorar los hechos pertinentes que tuvo ante su consideración, sin exhibir en su juicio prejuicio, parcialidad pasión o error manifiesto. *Rivera Gómez v. Arcos Dorados de Puerto Rico*, 212 D.P.R. 194 (2023).

De lo hasta aquí dicho se sigue que hubiese denegado la expedición del recurso de *certiorari* presentado, pero por las razones expuestas en los párrafos que preceden.

En San Juan, Puerto Rico, a 14 noviembre de 2024.

Nery Enoc Adames Soto
Juez de Apelaciones