Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| EL PUEBLO DE PUERTO RICO<br><br>*Apelante*<br><br><br>v.<br><br><br>DAVIS PONCE FELICIANO<br><br>*Apelado* | KLCE202500410 | *Certiorari* **acogido como Apelación** procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.:<br>NSCR201900259<br>(Salón 308)<br><br>Sobre:<br>Art. 93 B 1er Grado CP (2012) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 22 de mayo de 2025.

Comparece ante nos, el Pueblo de Puerto Rico por conducto de la Oficina del Procurador General (Pueblo o apelante) mediante recurso de *Certiorari* —el cual acogemos como una *Apelación* por ser el mecanismo adecuado para la revisión del dictamen recurrido[1]— presentado el 15 de abril de 2025, para solicitarnos que revoquemos la *Sentencia*[2] emitida y notificada el 28 de febrero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI o foro apelado). Mediante el referido dictamen, el TPI absolvió perentoriamente al señor Davis Ponce Feliciano (señor Ponce o apelado) del cargo de asesinato en primer grado.

Por los fundamentos que expondremos a continuación, se **confirma** la *Sentencia* apelada.

---

[1] Por motivos de economía procesal, conservamos la designación alfanumérica asignada por la Secretaría de este Tribunal.
[2] Apéndice I del recurso de *Apelación*, págs.1-3.

Número Identificador

SEN2025_____

## I.

Los hechos del caso de autos se remontan al 12 de febrero de 2019, cuando el apelante presentó dos (2) denuncias[3] contra el señor Ponce por infracción al Artículo 93(b) del Código Penal de Puerto Rico, Ley Núm. 146-2012[4] y al Artículo 5.05 de la derogada Ley de Armas de Puerto Rico, Ley Núm. 11-2000[5].

Tras la correspondiente determinación de causa en la vista preliminar contra el señor Ponce, el apelante presentó las siguientes acusaciones:

**1. Acusación por asesinato en primer grado:**
El referido acusado DAVID PONCE FELICIANO, t/c/c DAVIS PONCE FELICIANO, allá en o para el día 12 de febrero de 2019 y en Fajardo, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Fajardo, ilegal, voluntaria, criminal e intencionalmente, a propósito, y con conocimiento, dio muerte a Víctor A. Marín Piña, ocurrida al perpetrarse una agresión grave. Consistente en que el aquí acusado agredió a Víctor A. Marín Piña en varias partes del cuerpo, luego, haciendo uso de un machete hirió al perjudicado en la pierna izquierda, ocasionándole la muerte. El perjudicado fue atentado en el Hospital Hima San Pablo de Fajardo, donde el Dr. Edward Ramos, lic. 1072, certificó su muerte.

HECHO CONTRATIO A LA LEY.

**2. Acusación por uso de arma blanca:**
El referido acusado DAVID PONCE FELICIANO, t/c/c DAVIS PONCE FELICIANO, allá en o para el día 12 de febrero de 2019 y en Fajardo; Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Fajardo, ilegal, voluntaria, criminal e intencionalmente, a propósito, y con conocimiento, sin motivo justificado, ni relacionado a algún arte, deporte, profesión, ocupación, oficio o por condición de salud, incapacidad o indefensión, usó, UN MACHETE, instrumento que se considera como un arma blanca, con la intención de cometer el delito de asesinato, Art. 93.B, como en efecto lo cometió, causándole la muerte a Víctor A. Marín Piña.

HECHO CONTRARIO A LA LEY[6].

Así las cosas, el juicio en su fondo dio comienzo el 22 de enero de 2024 y culminó el 25 de febrero de 2025. En el mismo, testificaron las siguientes personas: Sargento Gamaliel Verilla Soto (Srgt. Verilla), Agente Luis Ríos Camacho (Agte. Ríos), Doctora

---

[3] Apéndice IV del recurso de *Apelación*, págs.11-14.
[4] 33 LPRA sec. 5142.
[5] 25 LPRA sec. 458d.
[6] Apéndice IV del recurso de *Apelación*, págs.13-14.

Mireya Hernández Arroyo (Dra. Hernández) y Doctora Irma Rivera Diez (Dra. Rivera).

Sometida la prueba, y mientras el jurado se encontraba deliberando, el 28 de febrero de 2025, el apelado solicitó en corte abierta una solitud de absolución perentoria. Por su parte, el Pueblo arguyó que presentó la prueba necesaria para obtener una determinación de culpabilidad.

Ahora bien, una vez en sala y entregados los veredictos, leyeron los mismos para récord. Referente al delito de asesinato en primer grado, hubo una votación no unánime de diez (10) votos a favor de culpabilidad y dos (2) de no culpabilidad. En cuanto al delito de arma blanca, hubo una votación unánime de doce (12) votos a favor de culpabilidad. Sin embargo, luego de que el juez sentenciador aceptara el veredicto por el delito de arma blanca, informó que aceptaba la solicitud de absolución perentoria del apelado. Es por lo anterior, que el foro apelado declaró *Ha Lugar* la solicitud del señor Ponce y lo absolvió perentoriamente del cargo de asesinato en primer grado.

Insatisfecho, el 13 de marzo de 2025, el Pueblo presentó una *Moción Solicitando Reconsideración*[7]. No obstante, el 17 de marzo de 2025[8], el TPI emitió una *Orden*[9] en la cual declaró *No Ha Lugar* la solicitud del apelante.

Inconforme aún, el Pueblo acude ante nos y le imputa al foro apelado la comisión del siguiente error:

> El Tribunal de Primera instancia erró y abusó de su discreción al absolver perentoriamente al Sr. Davis Ponce Feliciano, a pesar de que el Ministerio Público desfiló prueba suficiente para establecer que el recurrido asesinó, a propósito, y con conocimiento, al Sr. Víctor A. Marín Piña.

Examinado el recurso ante nuestra consideración, procedemos a emitir nuestro dictamen sin necesidad de la

---

[7] Apéndice IV del recurso de *Apelación*, págs.4-9.
[8] Notificada el 18 de marzo de 2025.
[9] Apéndice III del recurso de *Apelación*, pág. 10.

comparecencia de la parte apelada, según nos faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones[10]. Esto, con el fin de lograr el más justo y eficiente despacho de la presente causa de acción.

**II.**

En lo pertinente a la controversia que nos ocupa, la Regla 29 del Reglamento del Tribunal de Apelaciones[11], establece todo lo relacionado a la reproducción de la prueba oral ofrecida en apelaciones y *certiorari* criminales. La aludida regla dispone lo siguiente:

> (A) Cuando la parte apelante o peticionaria estime que para resolver una apelación o un recurso de certiorari es necesario que el Tribunal de Apelaciones considere alguna porción de la prueba oral presentada ante el Tribunal de Primera Instancia, someterá, en conformidad con los requerimientos que más adelante se exponen, uno de los documentos siguientes o una combinación de ellos:
>
> (1) transcripción
>
> (2) exposición estipulada
>
> (3) exposición narrativa
>
> (B) La parte apelante o peticionaria deberá, en el término de diez días de la presentación de la Apelación, acreditar que el método de reproducción de la prueba oral que utilizará es el que propicie la más rápida dilucidación del caso, pudiendo el tribunal determinar el método que alcance esos propósitos.
>
> (C) Transcripción, exposición estipulada, exposición narrativa de la prueba La reproducción de la prueba oral mediante transcripción se hará conforme las disposiciones de la Regla 76 y cuando fuere mediante exposición estipulada o exposición narrativa, conforme las disposiciones de la Regla 76.1. *Íd.*

Por otra parte, en cuanto a la transcripción de la prueba oral en los recursos de apelación y de *certiorari* ante el foro apelativo intermedio, la Regla 76 (A) del Reglamento del Tribunal de Apelaciones[12], dispone, en lo pertinente, que:

> [u]na parte en una apelación o en un recurso de *certiorari* ante el Tribunal de Apelaciones notificará al Tribunal de Apelaciones no más tarde de diez días desde que se presentó el escrito de apelación o se notificó la expedición del auto

---

[10] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.
[11] 4 LPRA Ap. XX-B, R. 29.
[12] 4 LPRA Ap. XXII-B, R. 76 (A).

solicitado que se propone transcribir la prueba oral. En esa moción, la parte proponente expresará las razones por las cuales considera que la transcripción es indispensable y que propicia mayor celeridad en los procesos que la presentación de una exposición estipulada o una exposición narrativa. En todo caso, la parte proponente identificará en la moción las porciones pertinentes del récord ante el Tribunal de Primera Instancia cuya transcripción interesa, incluyendo la fecha del testimonio y los nombres de los testigos.

Por último, en su inciso (B), la referida disposición legal establece que:

[a]utorizada la transcripción, su proponente podrá solicitar al Tribunal de Primera Instancia la regrabación de los procedimientos. La moción a esos efectos será presentada dentro de los diez (10) días siguientes a la notificación de la orden del Tribunal de Apelaciones[13].
[...]

Sobre lo anterior, en *Pueblo v. Valentín Rivera*, 197 DPR 636, 640-641 (2017), nuestro Tribunal Supremo manifestó que:

[...] de la normativa expuesta se desprende que la parte que recurre ante el Tribunal de Apelaciones y señala errores en cuanto a la apreciación de la prueba debe: (1) someter transcripción, una exposición estipulada o una exposición narrativa de la prueba oral presentada ante el Tribunal de Primera Instancia, y (2) dentro de los diez días siguientes a la presentación del recurso, presentar una moción en la que explique cuál es el mecanismo de reproducción de la prueba que ha de utilizar y los motivos por los cuales éste es el más apropiado. Además, a tenor con la Regla 76(A) del Reglamento del Tribunal de Apelaciones, *supra*, se requiere que, dentro de esos mismos diez días, la parte apelante indique cuáles son las porciones pertinentes del récord que interesa reproducir, incluso la fecha de los testimonios y los nombres de los testigos. Es así, y solo así, que el recurso queda perfeccionado de forma tal que el foro apelativo intermedio- en este tipo de caso- quede en posición de adjudicar en los méritos las controversias planteadas ante sí.

**III.**

En el presente caso, el apelante pretende que intervengamos con la credibilidad y el valor que le mereció al juzgador de los hechos la prueba presentada durante el juicio en su fondo. El Pueblo, en esencia, señaló un error relacionado a la apreciación de la prueba por parte del foro sentenciador. En específico, arguyó que el TPI erró y abusó de su discreción al absolver perentoriamente al señor Ponce, a pesar de que el apelante desfiló prueba suficiente para establecer

---

[13] 4 LPRA Ap. XXII-B, R. 76 (B).

que el recurrido asesinó, a propósito, y con conocimiento, al señor Víctor A. Marín Piña[14].

Es menester puntualizar que, en el caso de autos, el Pueblo no colocó a este foro intermedio en posición de poder atender la controversia ante su consideración y, por ende, poder determinar si en efecto se cometió el error señalado. Ello nos impide evaluar si el TPI erró en la apreciación de la prueba, particularmente, sobre la credibilidad que le mereció al juzgador de hechos a la prueba presentada por el apelante.

Como es conocido, en nuestro ordenamiento jurídico, y particularmente en este tipo de casos, le otorgamos un alto grado de deferencia al foro sentenciador. Esto, debido a que, estuvo en mejor posición para aquilatar la evidencia testifical presentada, pues tuvo la oportunidad de oír y ver de forma directa la prueba[15]. Es por eso que, de ordinario, cuando se señalan errores relacionados a la apreciación de la prueba, como en el caso de marras, se exige que el recurso sea perfeccionado mediante alguno de los mecanismos de recopilación de la prueba oral presentada ante el TPI[16]. Lo anterior no sucedió en el presente caso y no era un requisito reglamentario que este foro apelativo se lo recordara al apelante. El Reglamento del Tribunal de Apelaciones es, en extremo, claro sobre ese particular.

Como adelantamos, la argumentación del apelante se elaboró sobre una evidencia que no ha sido reproducida debidamente ante este foro. Ello, a pesar de que se pretende cuestionar la apreciación de la prueba realizada por el Juez de Instancia. Precisamente, porque la *Apelación* guarda relación con la apreciación de la prueba, le correspondía al apelante ponernos en condiciones de evaluar su señalamiento de error. El Tribunal de Apelaciones no puede pasar

---

[14] Véase, recurso de *Apelación*, pág. 11.
[15] Véase, *Pueblo v. García Colón I*, 182 DPR 129 (2011).
[16] *Hernández v. San Lorenzo Const.*, 153 DPR 405, 411–422 (2001).

juicio sobre la apreciación de la prueba del TPI si la prueba oral no fue debidamente reproducida.

La imposibilidad de evaluar y revisar la prueba y los testimonios presentados en el juicio en su fondo, no nos permite intervenir con la adjudicación de credibilidad del tribunal sentenciador que vio y escuchó la prueba de primera mano. Ante ese escenario, estamos obligados a respetar la norma de la deferencia que cobija las decisiones del TPI.

**IV.**

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, ***confirmamos*** la *Sentencia* apelada, emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Adames Soto concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones